[Civ. No. 33257.   Second Dist., Div. Two.   July 1, 1969.]

A. E. COOK COMPANY, Plaintiff and Respondent, v. K S RACING ENTERPRISES, INC., Defendant and Appellant.

Benjamin D. Brown for Defendant and Appellant.

Pratte, Suckling & Lynch, Williams & Williams and James J. Williams for Plaintiff and Respondent.

FLEMING, J.—Defendant K & S Racing Enterprises appeals the denial of its motion to dissolve a writ of attachment obtained by plaintiff A. E. Cook Company, a California corporation. ▉ The sole question is whether a corporation which filed suit and obtained a writ of attachment at a time its corporate powers were suspended for nonpayment of taxes, but which thereafter revived its powers by the payment of its back taxes prior to the filing of a motion to discharge the attachment, is entitled to the benefit of its attachment.

On 20 October 1967 plaintiff filed a complaint for money against defendant and attached defendant's bank account. On 22 November defendant moved for summary judgment on the ground that under Revenue and Taxation Code section 23301 plaintiff's corporate powers had been suspended on 1 November 1966 for nonpayment of taxes. Before the motion was heard, plaintiff, pursuant to Revenue and Taxation Code sections 23305 and 23305a, revived its corporate powers on 1 December by paying its delinquent taxes. On 14 December defendant moved to dissolve the attachment. Thereafter, the trial court denied the motion for summary judgment and denied the motion to dissolve the attachment.

▉ On revivor of its corporate powers a corporation may continue an action commenced during the period of suspension and not previously dismissed, even though the opposing party pleaded the suspension prior to the revivor. (*Traub Co.* v. *Coffee Break Service, Inc.*, 66 Cal.2d 368 [57 Cal.Rptr. 846, 425 P.2d 790]; *Hall* v. *Citizens Nat. Trust & Sav. Bank*, 53 Cal.App.2d 625, 630-632 [128 P.2d 545]; *Maryland Cas. Co.* v. *Superior Court*, 91 Cal.App. 356, 361-364 [267 P. 169].) These cases state that a challenge to the complaint on the ground that the corporation's powers have been suspended is a disfavored plea in abatement which must be supported by facts warranting the abatement at the time of the plea. Even at the time of the hearing, the court may grant a continuance in order to allow the delinquent corporation to secure a revivor. The plea in abatement does not vest a right to dismissal which cannot be abrogated by a subsequent revivor of corporate powers. (*Schwartz* v. *Magyar House, Inc.*, 168 Cal.App.2d 182, 190 [335 P.2d 487].)

▉ The same logic which sustains actions commenced prior to revivor of corporate powers sustains the validity of provisional remedies ancillary to such actions. If a corporation may shore up its entire cause of action by reviving its

corporate powers and thereby validate its complaint, it seems appropriate to permit it to do the same thing on behalf of a provisional remedy wholly dependent on the main cause of action, provided, of course, that in the meantime substantive defenses have not accrued nor third party rights intervened. (*Hall* v. *Citizens Nat. Trust & Sav. Bank,* 53 Cal.App.2d 625, 631 [128 P.2d 545].) The effect of such revivor and validation is comparable to that of an amendment to an irregularly issued attachment, which amendment by statute may relate back to the time of issue and cure defects and omissions in the original attachment. (Code Civ. Proc.. § 558; *Peninsula etc. Co.* v. *County of Santa Cruz,* 34 Cal.2d 626, 631 [213 P.2d 489].) The purpose of the Revenue and Taxation Code is to put pressure on the delinquent corporation to pay its taxes, and that purpose is normally satisfied by a rule which views a corporation's tax delinquencies, after correction, as mere irregularities. (Code Civ. Proc., § 558; Corp. Code, § 5701; *Schwartz* v. *Magyar House, Inc., supra, p.* 188.)

The refusal to dissolve the attachment is affirmed.

Herndon, Acting P. J., and Wright, J., concurred.

A petition for a rehearing was deemed denied August 4, 1969, pursuant to rule 27e, California Rules of Court. Appellant's petition for a hearing by the Supreme Court was denied August 27, 1969. Mosk J., was of the opinion that the petition should be granted.