[No. B051331. Second Dist., Div. Six. Aug. 6, 1991.]

GARDINER SOLDER COMPANY, Plaintiff and Appellant, v.
SUPALLOY CORPORATION, INC., et al., Defendants and Respondents.

**COUNSEL**

Peterson & Ross, Steven Ray Garcia and George D. Lozano for Plaintiff and Appellant.

Price, Postel & Parma and R. Edward Hutto for Defendants and Respondents.

**OPINION**

**YEGAN, J.**—"For every wrong there is a remedy." (Civ. Code, § 3523.) Here the remedy is restitution: ". . . restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage, or injury . . . ." (Black's Law Dict. (5th ed. 1979) p. 1180, col. 2.)

Gardiner Solder Company (Gardiner) appeals from the judgment in favor of respondents, SupAlloy Corporation, Inc., et al., (SupAlloy). Gardiner contends it is entitled to restitution of over $50,000 worth of solder it delivered to SupAlloy. We agree.

Gardiner, an Illinois corporation, did business with SupAlloy for "many years" on an open book account. Gardiner manufactured bar solder for SupAlloy under the SupAlloy brand name for resale to others. During this period of time, Gardiner had not qualified to do business in California and violated Revenue and Taxation Code section 23301 by not paying its corporate franchise tax.[1]

---

[1]All further statutory references are to the Revenue and Taxation Code.

After filing suit against SupAlloy, Gardiner obtained a certificate of qualification to do business in California by paying, inter alia, "the tax and the interest and penalties" required under section 23305 to continue prosecution of this suit. (See *Welco Construction, Inc.* v. *Modulux, Inc.* (1975) 47 Cal.App.3d 69, 72-73 [120 Cal.Rptr. 572].)

The trial court determined that although Gardiner "would normally prevail" because SupAlloy "failed to pay for goods delivered . . . Revenue and Taxation Code section 23304 does not require restitution . . . and . . . the court is required . . . to find against [Gardiner] as the agreement is void."

The trial court stated that its refusal to require restitution "is inequitable and unfair . . . ." Nonetheless, the trial court believed it had "no alternative" but to deny restitution under section 23304 which provides that "[e]very contract made in violation of this article is hereby declared to be voidable, at the instance of any party other than the taxpayer."

■ SupAlloy contends it may avoid payment under the contract *and keep the solder* because Gardiner previously violated the tax code. As it did in the trial court, SupAlloy here relies on section 23305a which, in pertinent part, provides: ". . . reinstatement shall be without prejudice to any . . . defense . . . which has accrued by reason of the original suspension or forfeiture . . . ." SupAlloy claims that by reason of section 23305a, it retains the "defense" of Gardiner's failure to timely qualify to do business in California. This section is silent with respect to ownership of goods transferred pursuant to a "voidable" contract. While the trial court correctly noted that "section 23304 does not require restitution," we observe that neither section 23304 nor 23305a precludes it.

■ "Interpretation and applicability of a statute [such as section 23304 or 23305a] . . . is . . . a question of law." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 242, p. 247.) Because the facts are undisputed and "[t]he issues presented . . . are solely questions of law . . . 'this court is free to draw its own conclusions of law . . .' " according to " 'applicable principles of law . . . .' " (*Jongepier* v. *Lopez* (1983) 142 Cal.App.3d 535, 538 [191 Cal.Rptr. 131]; accord, *California Ins. Guarantee Assn.* v. *Liemsakul* (1987) 193 Cal.App.3d 433, 438 [238 Cal.Rptr. 346].)

■ "The fundamental rule of statutory construction is . . . [to] ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.]" (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) " 'A court should interpret legislation reasonably . . .

to give effect to the apparent purpose of the statute.' [Citations.]" (*Moore* v. *Powell* (1977) 70 Cal.App.3d 583, 588 [138 Cal.Rptr. 914].)

"Where legislative intent is not expressed, the courts may consider the background of the statute, consequences which will flow from a particular interpretation, and other factors. [Citations.]" (*People* v. *Welch* (1971) 20 Cal.App.3d 997, 1002 [98 Cal.Rptr. 113].) ■■■ It is not clear that the Legislature meant to preclude restitution when it stated that "reinstatement shall be without prejudice to any . . . defense . . . which has accrued by reason of the original suspension . . . ." (§ 23305a.)

The equitable remedy of restitution to avoid "unjust enrichment" has its roots in the common law. ■■ "[O]ne person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly." (*Lucky Auto Supply* v. *Turner* (1966) 244 Cal.App.2d 872, 885 [53 Cal.Rptr. 628].)

■■ In *Peacock Hill Assn.* v. *Peacock Lagoon Const. Co.* (1972) 8 Cal.3d 369, 371 [105 Cal.Rptr. 29, 503 P.2d 285], our Supreme Court stated that the purpose of section 23301 "is to put pressure on the delinquent corporation to pay its taxes, and that purpose is satisfied by a rule which views a corporation's tax delinquencies, after correction, as mere irregularities. . . . There is little purpose in imposing additional penalties after the taxes have been paid."

In *Damato* v. *Slevin* (1989) 214 Cal.App.3d 668 [262 Cal.Rptr. 879], the court explained that the "harsh attitude toward delinquent corporate taxpayers . . . [has] gradually relaxed. [Fn. omitted.]" (*Id.* at p. 672.) "[C]ourts have given the curative effect of revivor an expansive construction . . ." such that "the present judicial attitude is positively benign." (*Ibid.*) Nothing in *Damato* compels affirmance without restitution. There, no issue was presented as to restoration of goods supplied in reliance on the "voidable" contract.

■■ Because the purpose of these tax code sections is simply to ensure collection of tax revenue and not to punish the noncomplying party, SupAlloy cannot successfully obtain a trial court declaration that the contract is "void" and retain goods to which it has no ownership interest. The trial court's declaration is not tantamount to a finding that SupAlloy owns the solder.

There are cases in which the prophylactic benefit of refusing recompense on a voidable contract is justified. ■ For example, the courts deny relief to an unlicensed contractor for work completed no matter how satisfactory the labor and materials used. (See Bus. & Prof. Code, § 7031.) In such cases, the importance of the public purpose in deterring the illegal conduct is deemed to outweigh the unjust enrichment which enforcement of the statute entails. (*Brown* v. *Solano County Business Development, Inc.* (1979) 92 Cal.App.3d 192, 198 [154 Cal.Rptr. 700].) This statute exists to protect "the public against dishonesty and incompetency in the administration . . . [and in the] performance of construction work." (*General Ins. Co.* v. *Superior Court* (1972) 26 Cal.App.3d 176, 183 [102 Cal.Rptr. 541].)

■ Here, however, there are no public policy reasons which support punishment of Gardiner by forfeiture of its property or a windfall to SupAlloy. The Legislature did not intend the statutes to permit the instant windfall.[2] There is no logical reason to permit SupAlloy to retain the solder. Such a result would be more than simply unfair, it would be unconscionable resulting in unjust enrichment to SupAlloy. Common sense compels the conclusion that Gardiner should receive restitution.

SupAlloy's claim that restitution would be an impermissible "end run" around section 23305a is without merit. ■ " 'Rules of equity cannot be intruded in matters that are plain and fully covered by positive statute [citation]. Neither a fiction nor a maxim may nullify a statute [citation]. Nor will a court of equity ever lend its aid to accomplish by indirection what the law or its clearly defined policy forbids to be done directly [citation].' [Citation.]" (*Katsivalis* v. *Serrano Reconveyance Co.* (1977) 70 Cal.App.3d 200, 213 [138 Cal.Rptr. 620].) That is not the case here. Our approach makes application of the statute reasonable and just. It undermines no policy but instead supports the overall policy of the law, fairness.

---

[2]We note that the statutory scheme in question has undergone substantial revision. Under new section 23304.5, "the rights of the parties to the contract shall not be affected . . . except to the extent expressly provided by a final judgment of the court, which judgment shall not be issued unless the taxpayer is allowed a reasonable opportunity to cure the voidability. . . . If the court finds that the contract is voidable . . . the court shall order the contract to be rescinded. However, in no event shall the court order rescission of a taxpayer's contract unless the taxpayer receives full restitution of the benefits provided by the taxpayer under the contract."

If the taxpayer applies for and fully satisfies provisions for relief from the voidability of contracts under new section 23305.1, all contracts not previously rescinded under section 23304.5 "may be enforced in the same manner and to the same extent, with regard to both the parties to the contract and any third parties as if the contract had never been voidable." These provisions, however, are prospective only. They do not apply to the instant case. (See Stats. 1990, ch. 926, § 17(c).)

The common law equitable remedy of restitution which we order antedates the passage of new section 23304.5. (See e.g., *Lucky Auto Supply* v. *Turner, supra,* 244 Cal.App.2d 872.)

We reject SupAlloy's argument that Gardiner is precluded from the equitable remedy of restitution because of "unclean hands." (See 11 Witkin, Summary of Cal. Law (9th ed. 1990) Equity, § 5, pp. 684-685.) By payment of the tax, interest and penalties, Gardiner washed its hands.

SupAlloy's sale of the solder to third persons does not defeat Gardiner's right to restitution. As indicated, the equitable remedy of restitution includes ". . . giving equivalent for any loss, damage, or injury . . . ." (Black's Law Dict., *supra*, at p. 1180, col. 2.)

"When a contract for the sale of personal property . . . [has been] rescinded, a rescinding vendor . . . [is entitled to the] cost of replacement where the specific property . . . [cannot] be returned. [Citations.]" (*Runyan v. Pacific Air Industries, Inc.* (1970) 2 Cal.3d 304, 315 [85 Cal.Rptr. 138, 466 P.2d 682, 41 A.L.R.3d 1422].) " '[I]n such actions the court should do complete equity between the parties' and to that end 'may grant any monetary relief necessary' to do so. [Citation.] It is the purpose of rescission 'to restore both parties to their former position as far as possible' [citation], citing 3 Pomeroy, Equity Jurisdiction (5th ed.) 578) and 'to bring about substantial justice by adjusting the equities between the parties' despite the fact that 'the status quo cannot be exactly reproduced.' [Citations.] . . . '[C]oncurrent with the award of rescission, the trial court may award money damages or order such other relief as justice may require.' (98 Cal.App.2d at p. 238.)" (*Id.*, at p. 316.)

The rescission rules articulated in *Runyan, supra,* derive from equitable principles. The remedies of rescission and restitution are distinct but their jurisprudential underpinnings are of common origin.[3] Just as the rules articulated in *Runyan* apply to rescission, we hold that they also apply to restitution.

We express no opinion on what type of restitution order is here appropriate. The manner in which restitution is to be made is addressed to the sound discretion of the trial court.

The judgment is reversed. The cause is remanded to the trial court with the direction to modify its judgment to provide that SupAlloy is to make

---

[3]"Only a valid and binding contract may be rescinded." (*Chas. Brown & Sons* v. *White Lunch Co.* (1928) 92 Cal.App. 457, 461 [268 P. 490]; see also *Hardison* v. *Davis* (1901) 131 Cal. 635, 639 [63 P. 1005].)

restitution to Gardiner in a manner to be determined by the trial court. Appellant is awarded costs on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.