[No. B103550. Second Dist., Div. Seven. May 12, 1997.]

TIMBERLINE, INC., Plaintiff and Respondent, v.
GUL JAISINGHANI, Defendant and Appellant.

## COUNSEL

Grossblatt & Booth and Hillary Arrow Booth for Defendant and Appellant.

Braufman and Braufman and James R. Braufman for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—In this appeal we are asked to decide whether a corporation which has been suspended for failure to pay franchise taxes may avail itself of the statutory mechanisms for renewing a judgment entered while the corporation was in good standing. We hold it may not. We therefore reverse the trial court's order denying the judgment debtor's motion to vacate the order renewing the judgment.

### FACTS AND PROCEEDINGS BELOW

Prior to 1980 plaintiff and respondent, Timberline, Inc., was a woodworking business. In 1980 it sold all its assets to defendant and appellant, Gul Jaisinghani. Thereafter, the corporation ceased doing business.

Defendant apparently did not pay the agreed sales price. On August 21, 1986, the corporation received a judgment against him for $65,463.71. At the time of trial and judgment the corporation was in good standing with the Secretary of State and the Franchise Tax Board.

However, on June 1, 1989, the corporation was suspended by the Secretary of State of California pursuant to Revenue and Taxation Code section 23302 for failure to pay franchise taxes.

Defendant has not paid any part of the judgment and it remains unsatisfied.

On December 19, 1995, the corporation filed an application to renew the judgment under Code of Civil Procedure section 683.110.[1] The clerk of the court renewed the judgment on that date in the principal amount, plus accrued interest of $62,209.82.

When defendant received notice the judgment had been renewed he filed a motion in the trial court to vacate the renewal of judgment.[2] The basis for his motion was that the corporation was suspended, and as such is not entitled to enjoy the benefits of the state court's powers.

The trial court denied the motion to vacate. Defendant filed a timely appeal from the court's order.

## DISCUSSION

### I. Standard of Review.

■ " 'Interpretation and applicability of a statute [such as Revenue and Taxation Code section [23301]] . . . is . . . a question of law.' (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 242, p. 247.) Because the facts are undisputed and '[t]he issues presented . . . are solely questions of law . . . "this court is free to draw its own conclusions of law . . ." ' according to ' "applicable principles of law . . . ." ' (*Jongepier* v. *Lopez* (1983) 142 Cal.App.3d 535, 538 [191 Cal.Rptr. 131]; accord, *California Ins. Guarantee Assn.* v. *Liemsakul* (1987) 193 Cal.App.3d 433, 438 [238 Cal.Rptr. 346]." (*Gardiner Solder Co.* v. *SupAlloy Corp., Inc.* (1991) 232 Cal.App.3d 1537, 1541 [284 Cal.Rptr. 206].)

■ " 'The fundamental rule of statutory construction is . . . [to] ascertain the intent of the Legislature so as to effectuate the purpose of the law.

---

[1] Code of Civil Procedure section 683.110 provides in part: "(a) The period of enforceability of a money judgment or a judgment for possession or sale of property may be extended by renewal of the judgment as provided in this article. . . ."

[2] Code of Civil Procedure section 683.170 provides the grounds for vacation of a renewed judgment. This section provides: "(a) The renewal of a judgment pursuant to this article *may be vacated on any ground that would be a defense to an action on the judgment*, including the ground that the amount of the renewed judgment as entered pursuant to this article is incorrect, and shall be vacated if the application for renewal was filed within five years from the time the judgment was previously renewed under this article.

"(b) Not later than 30 days after service of the notice of renewal pursuant to Section 683.160, the judgment debtor may apply by noticed motion under this section for an order of the court vacating the renewal of the judgment. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail.

"(c) Upon the hearing of the motion, the renewal may be ordered vacated upon any ground provided in subdivision (a), and another and different renewal may be entered, including, but not limited to, the renewal of the judgment in a different amount if the decision of the court is that the judgment creditor is entitled to renewal in a different amount." (Italics added.)

[Citations.]' (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) ' "A court should interpret legislation reasonably . . . to give effect to the apparent purpose of the statute." [Citations.]' (*Moore* v. *Powell* (1977) 70 Cal.App.3d 583, 588 [138 Cal.Rptr. 914].)" (*Gardiner Solder Co.* v. *SupAlloy Corp., Inc., supra*, 232 Cal.App.3d 1537, 1541-1542 [284 Cal.Rptr. 206] [corporation which was suspended when contract was executed was not precluded from receiving restitution of goods delivered under voidable contract, because it later obtained certificate of revivor by paying delinquent franchise taxes, interest and penalties].)

We review the court's order permitting the suspended corporation to renew its judgment with these principles in mind.

II.  *A Suspended Corporation Which Has Not Revived Its Powers by Payment of Delinquent Franchise Taxes May Not Take Advantage of California's Legal Processes for Renewing a Judgment.*

Section 23301 of the Revenue and Taxation Code authorizes the suspension or forfeiture of corporate powers of a corporation which has failed to pay its franchise taxes. This section provides: "Except for the purposes of filing an application for exempt status or amending the articles of incorporation as necessary either to perfect that application or to set forth a new name, the corporate powers, rights and privileges of a domestic taxpayer may be suspended, and the exercise of the corporate powers, rights and privileges of a foreign taxpayer in this state may be forfeited, if . . . ." (1) the corporation fails to pay franchise taxes on time; (2) fails to file a required annual information statement; or (3) fails to file a franchise tax return, even when no tax is due. (Rev. & Tax. Code, § 23301.5.)

When a corporation fails to pay its taxes the Franchise Tax Board informs the Secretary of State of the delinquency, who in turn notifies the corporation of its suspended status. (Rev. & Tax. Code, § 23302.)[3]

■ Thus, except for filing an application for tax-exempt status or amending the articles of incorporation to change the corporate name, a suspended corporation is disqualified from exercising any right, power or privilege. (Rev. & Tax. Code, § 23301.)

This means a suspended corporation may not prosecute or defend an action in a California court. (*Ransome-Crummey Co.* v. *Superior Court*

---

[3]Revenue and Taxation Code section 23302 provides in pertinent part: "(c) The Franchise Tax Board shall transmit the names of taxpayers to the Secretary of State as to which the suspension or forfeiture provisions of Section 23301 . . . are or become applicable, and the suspension or forfeiture therein provided for shall thereupon become effective. The certificate of the Secretary of State shall be prima facie evidence of the suspension or forfeiture."

(1922) 188 Cal. 393, 396-397 [205 P. 446]; *Alhambra-Shumway Mines, Inc.* v. *Alhambra Gold Mine Corp.* (1957) 155 Cal.App.2d 46, 50-51 [317 P.2d 649].) Nor may a suspended corporation appeal from an adverse judgment (*Boyle* v. *Lakeview Creamery Co.* (1937) 9 Cal.2d 16, 20-21 [68 P.2d 968]; *Gar-Lo, Inc.* v. *Prudential Sav. & Loan Assn.* (1974) 41 Cal.App.3d 242, 245 [116 Cal.Rptr. 389]), or seek a writ of mandate (*Brown* v. *Superior Court* (1966) 242 Cal.App.2d 519, 635 [51 Cal.Rptr. 633]). However, if the corporation's status only comes to light during litigation, the normal practice is for the trial court to permit a short continuance to enable the suspended corporation to effect reinstatement (by paying back taxes, interest and penalties) to defend itself in court. (See, e.g., *Schwartz* v. *Magyar House, Inc.* (1959) 168 Cal.App.2d 182, 190 [335 P.2d 487].)

"In a number of situations the revival of corporate powers by the payment of delinquent taxes has been held to validate otherwise invalid prior action. (*Traub Co.* v. *Coffee Break Service, Inc.* [(1967)] 66 Cal.2d 368, 370 [57 Cal.Rptr. 846, 425 P.2d 790]; *Diverco Constructors, Inc.* v. *Wilstein* [(1970)] 4 Cal.App.3d 6, 12 [85 Cal.Rptr. 851]; *A. E. Cook Co.* v. *K S Racing Enterprises, Inc.* [(1969)] 274 Cal.App.2d 499, 500 [79 Cal.Rptr. 123]; *Duncan* v. *Sunset Agricultural Minerals* [(1969)] 273 Cal.App.2d 489, 493 [78 Cal.Rptr. 339].) In all of the above cited cases it was held that the purpose of section 23301 of the Revenue and Taxation Code is to put pressure on the delinquent corporation to pay its taxes, and that purpose is satisfied by a rule which views a corporation's tax delinquencies, after correction, as mere irregularities. This reasoning is in accord with our language in *Boyle* v. *Lakeview Creamery Co.,* 9 Cal.2d 16, declaring the legislative policy of Revenue and Taxation Code provisions imposing sanctions for failure to pay taxes to be 'clearly to prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern, in order that some pressure will be brought to bear to force the payment of taxes.' (At p. 19.) There is little purpose in imposing additional penalties *after the taxes have been paid.*" (*Peacock Hill Assn.* v. *Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369, 371 [105 Cal.Rptr. 29, 503 P.2d 285], italics added [corporation which was suspended after judgment for nonpayment of franchise taxes was entitled to pursue its appeal after it paid the delinquent tax, interest and penalties and received its certificate of revivor].)

The plain language of Revenue and Taxation Code section 23301 "expressly deprives the corporation of all 'corporate powers, rights and privileges' . . . ." (*Boyle* v. *Lakeview Creamery Co., supra,* 9 Cal.2d 16, 20.) Thus, it appears from the statutory language and the decisional authority interpreting those provisions, the corporation's action in requesting the court to renew the judgment was an unauthorized act by a suspended corporation

which was attempting to exercise the rights, powers and privileges of a going concern. (See 9 Witkin, Summary of Cal. Law (9th ed. 1987) Corporations, § 225 et seq., p. 716 et seq.; Friedman, Cal. Practice Guide: Corporations 2 (The Rutter Group 1997) ¶ 6:562 et seq., p. 6-111 et seq.) Consequently, it was error for the trial court to deny defendant's motion to vacate the renewal of judgment.

The corporation seeks to avoid this result. It argues renewing a judgment does not really invoke the powers of a California court. It points out renewal of a judgment is made virtually automatic by statute.[4] The corporation argues renewal of a judgment does not require any action by a state court because the court clerk processes the application, making it nothing more than a "ministerial act."

This argument misses the mark. Renewal of a judgment requires judicial intervention for its validity, regardless how minimal the activity. For example, renewal of a judgment involves at least as much judicial intervention in the average case as does the filing of a lien to secure a judgment. The decision in *A. E. Cook Co.* v. *K S Racing Enterprises, Inc.* (1969) 274 Cal.App.2d 499 [79 Cal.Rptr. 123] is instructive. That case involved the validity of the corporate plaintiff's attachment of the defendant's bank account to secure a judgment. The defendant moved to discharge the attachment, claiming the corporation was suspended for nonpayment of taxes at the time it filed its lien. However, prior to the defendant's motion to discharge the lien, the corporate plaintiff revived its corporate powers by paying all delinquent taxes.

The trial court denied the defendant's motion to dissolve the attachment and the appellate court affirmed. It noted the earlier Supreme Court decisions holding that the effect of a corporation's reviving itself by payment of delinquent taxes is to retroactively legitimize the corporation's prior acts. The court then reasoned if revivor can validate prior actions taken to prosecute or defend an action then revivor should also operate to validate "provisional remedies ancillary to such actions. If a corporation may shore up its entire cause of action by reviving its corporate powers and thereby validate its complaint, it seems appropriate to permit it to do the same thing on behalf of a provisional remedy wholly dependent on the main cause of action, provided, of course, that in the meantime substantive defenses have not accrued nor third party rights intervened. [Citation.]" (274 Cal.App.2d at pp. 500-501.)

---

[4]Code of Civil Procedure section 683.150, subdivision (a) provides: "Upon the filing of the application, the court clerk *shall* enter the renewal of the judgment in the court records." (Italics added.)

By parity of reasoning, the ancillary remedy of renewing an unsatisfied judgment is an invalid act if attempted by a suspended corporation which has not taken the necessary action to revive itself.

We agree with the corporation the original judgment was valid. We also agree the corporation was not pursuing a new action or seeking a new judgment, but was instead attempting to extend the life of the earlier valid judgment. Nevertheless, to do so required invocation of the benefits of California laws and the assistance of the California judicial system. These rights and privileges are reserved to those corporations which pay their franchise taxes in a timely fashion and remain in good standing with the California Secretary of State and taxing authorities. As a suspended corporation, it is deprived of these benefits and was therefore not entitled to renew its judgment.

This may seem to be a harsh penalty for a corporation which has not conducted business since selling its assets to the defendant, and which has not realized any amount from the sale of those assets.[5] However, this penalty could have easily been avoided. If the corporation was not in fact conducting any business after the sale of its assets in 1980, then someone should have taken steps to formally dissolve the corporation. After the Franchise Tax Board approves a corporation's final tax return the corporation is no longer liable for any taxes (provided it does not continue in business after notifying the Secretary of State of its intent to dissolve). (Corp. Code, § 1905; see also Friedman, Cal. Practice Guide: Corporations, *supra*, ¶ 8:585.1, p. 8-105.) On the other hand, a dissolved corporation maintains considerable corporate powers to conduct whatever business is required to wind up its affairs—including prosecuting actions and enforcing

---

[5]The corporation invokes the "unclean hands" doctrine and argues defendant should be precluded from benefiting from his wrongful breach of the sales contract. While we may disapprove of his action, we are not free to interject equitable doctrines into what is otherwise a comprehensive statutory scheme specifying the requirements and powers of California corporations.

" ' "Rules of equity cannot be intruded in matters that are plain and fully covered by positive statute [citation]. Neither a fiction nor a maxim may nullify a statute [citation]. Nor will a court of equity ever lend its aid to accomplish by indirection what the law or its clearly defined policy forbids to be done directly [citation]." [Citation.]' [Citation.]" (*Gardiner Solder Co.* v. *SupAlloy Corp., Inc., supra*, 232 Cal.App.3d 1537, 1543 [court rejected application of unclean hands doctrine to previously suspended corporation and found doctrine inapplicable in any event because by "payment of the tax, interest and penalties, Gardiner washed its hands"]; cf. *Peñasquitos, Inc.* v. *Superior Court* (1991) 53 Cal.3d 1180, 1192 [283 Cal.Rptr. 135, 812 P.2d 154] [common law theories are also preempted by comprehensive provisions of Corporations Code].)

judgments. (See, e.g., Corp. Code, § 2010[6]; *Pensaquitos, Inc.* v. *Superior Court*, *supra*, 53 Cal.3d 1180, 1185 [dissolved corporation continues to exist for an indefinite period as a legal entity for the purpose of winding up its affairs].)

Thus, in this case the corporation could have avoided all liability for franchise taxes and in addition could have renewed or enforced its judgment had it taken the necessary steps to formally dissolve.

Alternatively, the corporation could have avoided this result by reviving itself prior to filing its application to renew the judgment, or at any time before its 10-year life expired. The corporation was obviously aware the 10-year limitations period was about to elapse and it would soon have to file an application to renew the judgment. It thus had more than sufficient time to take the necessary curative action yet did nothing.[7] Under these circumstances it was not entitled to enjoy the privilege of renewing its judgment while suspended for nonpayment of California franchise taxes.

## DISPOSITION

The order is reversed. The trial court is directed to vacate its order denying the motion to vacate and enter a new order granting defendant's motion to vacate renewal of the judgment. Defendant is awarded his costs of appeal.

Lillie, P. J., and Woods, J., concurred.

---

[6]Corporations Code section 2010 provides in part: "(a) A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof. . . ."

[7]Code of Civil Procedure section 683.130 specifies one may renew a judgment at any time prior to the 10-year period of enforceability:

"(a) In the case of a lump-sum money judgment or a judgment for possession or sale of property, the application for renewal of the judgment may be filed at any time before the expiration of the 10-year period of enforceability provided by Section 683.020 . . . ."