87 Cal.Rptr.2d 358 (1999)
73 Cal.App.4th 1300
Christopher E. GRELL, Individually and as Executor, etc., Plaintiff and Appellant,
v.
LACI LE BEAU CORPORATION, Defendant and Respondent.
David Helphrey, Individually and as Executor, etc., et al., Plaintiffs and Appellants,
v.
Laci Le Beau Corporation, Defendant and Respondent.
No. A083685.
Court of Appeal, First District, Division Five.
August 4, 1999.
Review Denied October 27, 1999.[*]
*360 I Christopher E. Grell, Esq., San Francisco, for Plaintiffs and Appellants.
Long & Levit, Donald W. Carlson, Esq., John H. Quinn, Esq., Marsha L. Morrow, Esq., San Francisco, for Defendant and Respondent.
Certified for Partial Publication.[1]
HANING, J.
Plaintiffs/appellants Christopher E. Grell, individually and as executor of the Estate of June Grell (Grell), and David Helphrey, individually and as executor of the Estate of Debbie Helphrey, and Betty Helphrey and Robert Helphrey (collectively Helphrey), appeal an order denying their motion to vacate judgment in their coordinated wrongful death and survival actions. They contend the trial court erroneously ruled the statute of limitations was not tolled during the period of time respondent's corporate status was suspended. Respondent contends the order denying the motion to vacate is not appealable,[2] and that the statute of limitations was not tolled. We affirm.

BACKGROUND
This appeal involves two of five coordinated wrongful death and survival actions arising from ingestion of respondent's Super Dieter's Tea.
Respondent was incorporated in California on August 6, 1987. Its corporate status was suspended on April 1, 1992, pursuant to Revenue and Taxation Code section 23302, and revived on January 29, 1996.
Because appellants concede that both actions were filed beyond the period permitted by the statute of limitations, and *361 argue only that the statute of limitations was tolled during the period of respondent's corporate suspension, a detailed procedural history is unnecessary.
The Grell action was filed while respondent was suspended. After its corporate status was reinstated, respondent successfully moved for summary judgment on all causes of action on statute of limitations grounds, and we upheld the dismissal. (Grell v. Laci Le Beau Corporation (Dec. 11, 1997) A077153 [nonpub. opn.] (Grell I).)
The Helphrey action was filed, and respondent's demurrer on statute of limitations grounds to the Helphrey third amended complaint was sustained without leave to amend on several causes of action, while respondent was suspended. Thereafter, the Helphrey appellants filed a fourth amended complaint alleging a single cause of action for fraud, to which respondent demurred on statute of limitations grounds. The demurrer was served while respondent was suspended. However, the hearing and the order thereon sustaining the demurrer without leave to amend as to the wrongful death plaintiffs' claim occurred after respondent's corporate status was reinstated. The demurrer was overruled as to the estate's claim.
Respondent then moved for summary judgment in the Helphrey estate's action. At the hearing on the motion, Helphrey's attorney announced that it had "recently been brought to [his] attention" that respondent's corporate status had been suspended for some period of time, and argued that the statute of limitations should have been tolled during the corporate suspension period. The court rejected the tolling argument and ruled the action was barred by the statute of limitations.
Thereafter, the Grell and Helphrey appellants moved to vacate the judgment on the ground that while respondent's corporate status was suspended, it wrongfully used the courts to assert the statute of limitations in contravention of Revenue and Taxation Code section 23301. The trial court denied the motion on the merits, ruling that the statute of limitations continues to run against a corporation suspended for nonpayment of taxes.

DISCUSSION

I[*]

II
As we noted previously, appellants concede their complaints were filed beyond the period permitted by the statute of limitations. Appellants contend, however, that the statute of limitations was tolled during the period in which respondent's corporate powers were suspended pursuant to Revenue and Taxation Code section 23301.
The term "statute of limitations" applies to a number of acts which prescribe the periods beyond which an action may not be brought. (Utah Property & Casualty Ins. etc. Assn. v. United Services Auto. Assn. (1991) 230 Cal.App.3d 1010, 1025, 281 Cal.Rptr. 917.) "`[Statutes of limitations] have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate.... [T]he history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control....' [Citations.]" (Duty v. Abex Corp. (1989) 214 Cal.App.3d 742, 752, 263 Cal.Rptr. 13.) Two major purposes underlie statutes of limitations: protecting defendants from having to defend stale claims by providing notice in time to prepare a fair defense on the merits, and requiring plaintiffs to diligently pursue their claims. (Jolly v. Eli Lilly & Co. (1988) 44 Cal.3d 1103, 1112, 245 Cal.Rptr. 658, 751 P.2d 923.)
"The general rule governing statutes of limitation[s] is that the time for commencing an action continues to tick *362 away so long as the proposed defendant can be sued and a personal judgment obtained against him. [Citation.]" (Bigelow v. Smik (1970) 6 Cal.App.3d 10, 12, 85 Cal.Rptr. 613.) However, in an attempt to avoid unjust application of statutes of limitations where circumstances effectively render timely commencement of an action impossible or virtually impossible, a statute of limitations may be "tolled," i.e., its operation temporarily suspended during the pendency of a particular condition specified by statute or judicial decision. (Cuadra v. Millan (1998) 17 Cal.4th 855, 864-865, 72 Cal.Rptr.2d 687, 952 P.2d 704; Lewis v. Superior Court (1985) 175 Cal. App.3d 366, 372, 220 Cal.Rptr. 594 (Lewis ).) Once the condition is lifted, the statute of limitations will continue to run. (Cuadra at p. 864, 72 Cal.Rptr.2d 687, 952 P.2d 704.)
The Legislature has established various provisions tolling the statute of limitations where a person entitled to sue is under a "disability" at the time the cause of action accrues, making the commencement of an action impossible or impracticable. (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 633, pp. 812-813.) Such statutes include, for example, tolling due to plaintiffs minority or insanity (Code Civ. Proc, § 352), plaintiffs incarceration (Code Civ. Proc, § 352.1), and a state of war (Code Civ. Proc, § 354). Other statutes provide for tolling due to the disability of plaintiffs attorney whose practice has been taken over by the court because of the attorney's incapacity to perform (§ 353.1), the defendant's subjection to an independent order of restitution for injury as a condition of probation (§ 352.5), and commencement of action stayed by injunction or statutory prohibition (§ 356). In addition, to effect the legislative purpose behind statutory tolling exceptions, courts may create tolling exceptions not prescribed by statute. (Bollinger v. National Fire Ins. Co. (1944) 25 Cal.2d 399, 411, 154 P.2d 399; Lewis, supra, 175 Cal. App.3d at p. 372, 220 Cal.Rptr. 594; Kleinecke v. Montecito Water Dist. (1983) 147 Cal.App.3d 240, 247, 195 Cal.Rptr. 58.)
Appellants have not cited, nor have we independently uncovered, any statute or judicial decision tolling the statute of limitations while a corporation is suspended for failure to pay taxes.
Revenue and Taxation Code section 23301 states: "Except for the purposes of filing an application for exempt status or amending the articles of incorporation as necessary either to perfect that application or to set forth a new name, the corporate powers, rights and privileges of a domestic taxpayer may be suspended ..." if the corporation fails to pay its taxes or any penalty and interest which may be owing. Thus, except for filing an application for tax-exempt status or amending the articles of incorporation to perfect that application or establish a new corporate name, a suspended corporation is "disqualified" from exercising any right, power or privilege. (Rev. & Tax Code, § 23301; Timberline, Inc. v. Jaisinghani (1997) 54 Cal.App.4th 1361, 1365, 64 Cal.Rptr.2d 4 (Timberline).)
During the period that a corporation is suspended for failure to pay taxes, it may not prosecute or defend an action (Reed v. Norman (1957) 48 Cal.2d 338, 343, 309 P.2d 809), appeal from an adverse judgment (Boyle v. Lakeview Creamery Co. (1937) 9 Cal.2d 16, 20-21, 68 P.2d 968 (Boyle)), seek a writ of mandate (Brown v. Superior Court (1966) 242 Cal.App.2d 519, 522, 51 Cal.Rptr. 633), or renew a judgment obtained prior to suspension (Timberline, supra, 54 Cal.App.4th at p. 1367, 64 Cal.Rptr.2d 4). The purpose of Revenue and Taxation Code section 23301 is to "prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern" (Boyle at p. 19, 68 P.2d 968), and to pressure it to pay its taxes (Peacock Hill Assn. v. Peacock Lagoon Constr. Co. (1972) 8 Cal.3d 369, 371, 105 Cal.Rptr. 29, 503 P.2d 285).
Under Revenue and Taxation Code section 23301, the powers of a domestic corporation are "suspended," not dissolved, due to its failure to pay taxes. (Graceland v. Peebler (1942) 50 Cal.App.2d 545, 547, 123 P.2d 527.) A suspended corporation may be sued, and service of process *363 upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended. (Code Civ.Proc., §§ 416.10, 416.20; Boyle, supra, 9 Cal.2d at p. 19, 68 P.2d 968; Gibble v. Car-Lene Research, Inc. (1998) 67 Cal. App.4th 295, 301-313, 78 Cal.Rptr.2d 892; 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 77, p. 133.) In addition, a suspended corporation is not protected against a judgment by default upon its failure to answer within the time allowed. (See 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 112, pp. 521-522.)
Here, neither respondent's suspended corporate status nor any conduct by respondent prevented appellants from timely filing their complaints and moving their actions forward. Appellants have failed to demonstrate the existence of circumstances which effectively rendered timely commencement of their actions impossible or impracticable.
As to Helphrey, respondent's demurrer to the third amended complaint while it was suspended constituted an unauthorized act by a suspended corporation in violation of Revenue and Taxation Code section 23301. Presumably, the court was unaware of respondent's suspended status when it ruled on the demurrer. However, the third amended complaint was superseded by the fourth amended complaint, and all prior complaints ceased to perform any function as pleadings. (Meyer v. State Board of Equalization (1954) 42 Cal.2d 376, 384, 267 P.2d 257.) To the extent appellants attempt to appeal from any rulings involving the third amended complaint, it was superseded and no appeal lies therefrom. (Lee v. Bank of America (1994) 27 Cal.App.4th 197, 215, 32 Cal.Rptr.2d 388.)
Although respondent's demurrer to the Helphrey fourth amended complaint was improperly filed while it was suspended, the hearing thereon and the order sustaining the demurrer against the wrongful death plaintiffs occurred after respondent's corporate status was reinstated. Thereafter, respondent obtained summary judgment against the estate on statute of limitations grounds. As previously noted, appellants concede the action was initially filed beyond the permissible statute of limitations period, and the only issue is whether the statute of limitations was tolled during the suspension period. We have concluded there was no tolling. Therefore, had respondent asserted its statute of limitations defense against the wrongful death plaintiffs as it did against the estate's action once its corporate status was reinstated, it would have prevailed. Consequently, its premature filing of the demurrer to the fourth amended complaint was harmless.

DISPOSITION
The order is affirmed. Costs to respondent.
JONES, P.J., and STEVENS, J., concur.
NOTES
[1] Pursuant to California Rules of Court, rule 976.1, part I of this opinion is not certified for publication.
[*] Mosk, J., dissented.
[2] Respondent's previous motion to dismiss the appeal on these grounds was denied without prejudice to raising the issue on appeal.
[*] See footnote 1, ante.