**Richard Howard KELLY, an individual, Plaintiff—Appellant,**

v.

**PROVIDENT LIFE & ACCIDENT INSURANCE, an insurance corporation; et al., Defendants—Appellees.**

**Richard Howard Kelly, an individual, Plaintiff—Appellee,**

v.

**Provident Life & Accident Insurance, an insurance corporation, Defendant—Appellant,**

**and**

**Does, 1–50, Defendant.**

**Nos. 04–56605, 05–55270.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed Aug. 20, 2007.

■■■■■■■■■■■■■■■■■■■■

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Markowitz Law Group, San Diego, CA, for Plaintiff–Appellant.

Ann C. Schneider, Esq., Galton & Helm, Los Angeles, CA, for Defendants–Appellees.

Before: FISHER and CLIFTON, Circuit Judges, and FOGEL *, District Judge.

MEMORANDUM **

Richard Howard Kelly appeals the district court's dismissal of his complaint against Provident Life & Accident Insurance Company. We reverse and remand for further proceedings.

Rule 12(b)(6) dismissals are reviewed *de novo*. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.2005). All material allegations in the complaint are assumed to be true. *Id.* The district court's applica-

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion of state substantive law in diversity actions is reviewed *de novo.* *Prieto v. Paul Revere Life Ins. Co.,* 354 F.3d 1005, 1010 (9th Cir.2004).

■ The district court erred in two ways in dismissing Kelly's rescission claim as inadequate under California law. The first was in concluding that Kelly failed to state a claim for undue influence because his complaint did not include some or all of the seven factors from *Odorizzi v. Bloomfield School Dist.,* 246 Cal.App.2d 123, 133, 54 Cal.Rptr. 533 (Cal.App.1966). *Odorizzi* did not hold that undue influence can be found only if some of the seven factors are present. Rather, the California court suggested that most, but not necessarily all, situations constituting undue influence involve those factors. *Id.* at 133, 54 Cal. Rptr. 533 ("[O]verpersuasion is *generally accompanied* by certain characteristics which tend to create a pattern. The pattern *usually* involves several of the following elements.") (emphasis added). The *Odorizzi* list was not described as exhaustive. Some contracts might be formed through undue influence even if most or all of the *Odorizzi* factors are absent. For example, if a contract is the sort for which undue influence must be presumed, the contract would be presumed illegal even if no *Odorizzi* factors were present. *See O'Neil v. Spillane,* 45 Cal.App.3d 147, 154, 119 Cal.Rptr. 245 (Cal.App.1975) (the presumption of undue influence "is, by itself, sufficient to support the finding of undue influence"). We do not hold that Kelly did state a valid cause of action for undue influence under California law, let alone that he can prove it, but we are satisfied that Kelly's failure to allege *Odorizzi* factors does not support the conclusion that he did not.

■ Second, even assuming (without so deciding) that Kelly's complaint failed to state a claim for rescission, the district court erred in dismissing Kelly's claim without leave to amend. The district court correctly noted that dismissal of a claim is appropriate only where the complaint lacks a cognizable theory, and plaintiff is not required to plead specific facts in detail, just sufficiently to identify the grounds for alleging that the legal theory applies. *See Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964–70, 167 L.Ed.2d 929 (2007). Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment. *See Thinket Ink Info. Res., Inc., v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir.2004). It appears from its order that the district court did not grant leave to amend because it decided that the action was barred by the statute of limitations anyway. Because, as discussed below, we conclude that the action is not barred by the statute of limitations, Kelly must be given another opportunity to state his claim, if Kelly's current pleading is deemed inadequate. Kelly has at least asserted misconduct on the part of Provident sufficient to justify leave to amend.

If Kelly ultimately succeeds in rescinding the settlement agreement, statutes of limitation would not bar his other claims. The statutory remedy of rescission is designed to restore the parties to where they were before entering the contract. Section 1692 of the California Civil Code provides that "[w]hen a contract has been rescinded in whole or in part ... [t]he aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction...." When one party is unable to restore the other party to its pre-contract position, § 1692 allows a court to "adjust equities a) that implicitly need adjustment, and b) that the parties have not already expressly adjusted by their con-

tract." *Hedging Concepts Inc. v. First Alliance Mortgage Co.,* 41 Cal.App.4th 1410, 1422, 49 Cal.Rptr.2d 191 (Cal.App. 1996). Courts are empowered to adjust equities where necessary to "grant such relief as will achieve substantial justice under the circumstances of the case presented to it." *Snelson v. Ondulando Highlands Corp.,* 5 Cal.App.3d 243, 258, 84 Cal.Rptr. 800 (Cal.App.1970). Indeed, courts should go as far as possible in restoring rescinding parties to their prior state of being. *See, e.g., Runyan v. Pacific Air Industries,* 2 Cal.3d 304, 316, 85 Cal.Rptr. 138, 466 P.2d 682 (1970); *Gardiner Solder Co. v. Supalloy Corp.,* 232 Cal.App.3d 1537, 1543–45, 284 Cal.Rptr. 206 (Cal.App.1991); *Bank of America v. Greenbach,* 98 Cal.App.2d 220, 237–240, 219 P.2d 814 (Cal.App.1950).

■ The most obvious way to restore Kelly to his prior state of being would be to act as if the settlement had never happened and to let him pursue his bad-faith and breach-of-contract claims. If Provident used undue influence to procure the settlement, it should not be allowed to benefit from the induced dismissal of the previous lawsuit or the delay caused by its exercise of undue influence to defeat Kelly's original bad-faith and breach-of-contract claims. It is within the court's equitable powers to toll the statutes of limitations and to allow Kelly to revive his claims. *See, e.g., Kleinecke v. Montecito Water Dist.,* 147 Cal.App.3d 240, 247–48, 195 Cal.Rptr. 58 (Cal.App.1983); *Industrial Indemnity Co. v. Industrial Accident*

*Comm'n.,* 115 Cal.App.2d 684, 689–90, 252 P.2d 649 (Cal.App.1953).[1]

■ The argument that Kelly's claims are barred because he ratified the settlement by accepting Provident's dismissal of its claims against him fails for the same reason. The dismissal was part of the settlement alleged to have been improperly procured by the exercise of undue influence. Kelly's alleged ratification of the settlement by accepting that dismissal is similarly subject to being set aside if it was the result of undue influence. California courts consider the question of ratification to be one of fact. *See Esau v. Briggs,* 89 Cal.App.2d 427, 438, 201 P.2d 25 (1948) ("Whether or not a person has ratified a voidable contract, or elected or affirm it rather than to rescind it … [is] a question of fact for the determination of the jury."). The district court erred in holding at the pleading stage that Kelly ratified the settlement.

Provident's *res judicata* and express-agreement arguments for dismissal also are without merit at this stage of the litigation, as both assume the validity of the settlement. If the settlement agreement is subject to rescission, then those arguments should not stand in the way of a revival of Kelly's claims.

Nor does Provident offer legal support for its argument that Kelly let his policies lapse through action free of the alleged undue influence taint. In any event, whether the policies lapsed is a question of fact that cannot be decided at this stage of the litigation.

---

1. We note that the original judgment dismissing Kelly's claims was filed more than one year prior to the filing of the current action. We do not here decide whether the requirements of Rule 60(b) of the Federal Rules of Civil Procedure apply, which provisions would be relevant here, or whether Kelly can satisfy those requirements. *See, e.g., United States v. Beggerly,* 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (setting aside a judgment by means of an independent action in equity requires a showing that the judgment has resulted in a "grave miscarriage of justice"). Rule 60(b) was not the subject of the district court's order or the parties' arguments to us, and we leave it to the district court to explore these issues on remand if appropriate.

Provident's laches argument was not made to the district court. It would require factual determinations which have not been made by the district court and which, in this case, we are not prepared to make in the first instance.

Finally, Provident's cross-appeal for attorneys' fees is now moot, as the district court erred in dismissing Kelly's claim.

**REVERSED** and **REMANDED** for further proceedings.