Filed 3/5/15  Leads Engineering Solutions v. Capstone Turbine CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LEADS ENGINEERING SOLUTIONS, INC. | B255531 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. PC050904) |
| v. | |
| CAPSTONE TURBINE CORPORATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Melvin Sandvig, Judge.  Affirmed.

Law Offices of Amy Ghosh, Amy Ghosh, for Plaintiff and Appellant.

Spach, Capaldi & Waggaman, Madison S. Spach, Jr. and Andrew D. Tsu, for Defendant and Appellant.

\* \* \* \* \* \*

If a lawsuit is dismissed because the plaintiff is a suspended corporation, is the plaintiff entitled to revive its lawsuit if it cures its delinquency after the dismissal? We conclude not, and affirm the dismissal in this case.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Leads Engineering Solutions, Inc. (plaintiff) is a California corporation. In its operative complaint filed in July 2011, plaintiff sued defendant Capstone Turbine Corporation (Capstone) and others for breach of contract, common counts, negligence and fraud.

At some point in 2013, plaintiff's status as a California corporation was suspended. In response to Capstone's ex parte motion raising this deficiency, the trial court issued an order on October 1, 2013, continuing all pending matters to give plaintiff more than three months to cure this deficiency by obtaining a certificate of revival. Capstone renewed its motion to dismiss, and the motion was heard on February 10, 2014—more than four months after the trial court's original order. Plaintiff's status was still suspended at that time. The trial court (1) refused to grant a further continuance in light of plaintiff's failure to submit its application for revival until December 2013, and (2) dismissed the action.

Plaintiff timely appeals.

## DISCUSSION

A corporation that is suspended may not prosecute or defend a lawsuit. (Corp. Code, § 2205, subd. (c) [noting that "the corporate powers, rights and privileges of the corporation are suspended" upon nonpayment of taxes]; Rev. & Tax. Code, § 23301 [same]; *Palm Valley Homeowners Assn. v. Design Mtc* (2000) 85 Cal.App.4th 553, 560 ["a corporation suspended for failure to pay taxes . . . [is] disabled from participating in any litigation activities"].) Because it is undisputed that plaintiff was suspended on February 10, 2014, the trial court's order dismissing plaintiff's lawsuit on that date was correct.

Plaintiff levels two collateral attacks on the dismissal. First, it argues that the trial court should have granted a further continuance. To be sure, the "normal practice" when

2

a corporate litigant's suspended status "comes to light during litigation" "is for the trial court to permit a short continuance to enable the suspended corporation to effect reinstatement . . ." (*Timberline, Inc. v. Jaisinghani* (1997) 54 Cal.App.4th 1361, 1366.) But the trial court did just that. It gave plaintiff four months to cure its suspension. The record indicates that plaintiff dawdled, waiting nearly three of those months before even applying for a certificate of revival. We review the denial of a continuance for an abuse of discretion. (*Dailey v. Sears, Roebuck & Co.* (2013) 214 Cal.App.4th 974, 1004.) In light of plaintiff's decision not to make good use of the generous continuance the trial court already granted, that court did not abuse its discretion in declining to grant a further continuance.

Second, plaintiff contends that we should overturn the dismissal order because it obtained a certificate of revival after the trial court's judgment was entered and is now able to proceed.[1] It is well settled that a corporate litigant can continue prosecuting or defending a lawsuit if it cures its suspended status while the case is still pending. (*Peacock Hill Assn. v. Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369, 372-373; *A.E. Cook Co. v. K S Racing Enterprises, Inc.* (1969) 274 Cal.App.2d 499, 500.) But the right to revive expires when judgment is entered. (See *Duncan v. Sunset Agricultural Minerals* (1969) 273 Cal.App.2d 489, 493 [noting cases holding "there is no abuse of discretion in not setting aside the judgment" "where the judgment has been entered before a certificate of revival is filed"].) In other words, the right to revive allows for the resuscitation—not the resurrection—of a lawsuit. Because plaintiff did not revive its active status until judgment was entered, that judgment stands.

---

**1**      We can take judicial notice of plaintiff's current status from the Secretary of State's records. (Evid. Code, § 452, subd. (c).) We accordingly deny as unnecessary plaintiff's request to take judicial notice of specific documents to the same effect.

**DISPOSITION**

The judgment is affirmed. Defendant is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
HOFFSTADT

We concur:

_____, P. J.
BOREN

_____, J.
ASHMANN-GERST