NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XC FOUNDATION,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 23-70060

Tax Ct. No. 9189-21

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted June 3, 2024[**]
San Francisco, California

Before: S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT,[***] District Judge.

XC Foundation appeals from a Tax Court decision dismissing, for lack of jurisdiction, its petition for a declaratory judgment. XC Foundation's petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

challenged the IRS's revocation of a determination letter that the Foundation qualified as a tax-exempt charitable organization under 26 U.S.C. § 501(c)(3).

We "review the Tax Court's decision 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" *Mazzei v. CIR*, 998 F.3d 1041, 1054 (9th Cir. 2021) (quoting 26 U.S.C. § 7482(a)(1)). Conclusions of law, including interpretation of agreements between the government and a taxpayer and Tax Court jurisdiction, are reviewed de novo. *Knudsen v. CIR*, 793 F.3d 1030, 1033 (9th Cir. 2015). We affirm.

1. We have jurisdiction over XC Foundation's appeal. In federal court, "[c]apacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). Under California law, "the powers, rights and privileges of a domestic taxpayer may be suspended," if one of several conditions are met. Cal. Rev. & Tax. Code §§ 23301, 23301.5, 23775. When a corporation is suspended, it has "no right to appeal from an adverse decision." *Boyle v. Lakeview Creamery Co.*, 68 P.2d 968, 970 (Cal. 1937) (in bank); *see Timberline v. Jaisinghani*, 64 Cal. Rptr. 2d 4, 7 (Ct. App. 1997). But "a corporation that files notices of appeal while its corporate powers are suspended may proceed with the appeals after those powers have been revived, even if the revival occurs after the time to appeal has expired." *Bourhis v. Lord*, 295 P.3d 895, 896 (Cal. 2013).

XC Foundation was suspended before it filed its Tax Court petition and

remained suspended through filing of its notice of appeal. Still, we take judicial notice that XC Foundation's corporate status has been revived.[1] *See Disabled Rts. Action Comm. v. Las Vegas Events*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("Under Federal Rule of Evidence 201, we may take judicial notice of the records of state agencies and other undisputed matters of public record."). That revival validates this appeal. *See, e.g.*, *Sea Breeze Salt, Inc. v. Mitsubishi Corp.*, 899 F.3d 1064, 1075 (9th Cir. 2018); *Intercontinental Travel Mktg. v. FDIC*, 45 F.3d 1278, 1282 n.4 (9th Cir. 1994).

2. In the Tax Court, "[t]he capacity of a corporation to engage in . . . litigation shall be determined by the law under which it was organized." Tax Ct. R. 60(c). Under California law a suspended corporation may not sue. *Timberline*, 64 Cal. Rptr. 2d at 6. As a result, the Tax Court consistently dismisses petitions for lack of jurisdiction when they are filed by a suspended California corporation still suspended at the time of judgment. *See, e.g.*, *David Dung Le, M.D., Inc. v. CIR*, 114 T.C. 268, 276 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001). XC Foundation raises one nonconstitutional and several constitutional challenges to the Tax Court's application of Rule 60(c). All fail.[2]

---

[1] California governmental records list August 15, 2023 as the date of revivor.

[2] XC Foundation does not raise, and we do not reach, whether revival of its corporate form on appeal should have any bearing on the application of Rule 60(c).

XC Foundation's signing of an IRS Form 872 did not prevent application of the Tax Court's corporate capacity rule. The form states, "signing this consent will not deprive the taxpayer(s) of any appeal rights to which they would otherwise be entitled." While the form extends the IRS's time to assess a tax, it does not impact the Tax Court's duty to assess its jurisdiction under Rule 60(c). Moreover, XC Foundation did not lose any appeal right to which it "would otherwise be entitled." It retained the same right to seek relief, including before the Tax Court, under the rules and procedure of its chosen forum. That the Tax Court independently had a capacity requirement does not mean that XC Foundation lost any appellate right.

XC Foundation's constitutional arguments similarly lack merit.

The Tax Court's rule and dismissal did not violate the Due Process Clause. While tax-exempt status is a property right subject to protections, *Cross v. Washington*, 911 F.2d 341, 345 (9th Cir. 1990), the IRS has not granted or revoked XC Foundation's entitlement to that status. A 501(c)(3) determination letter is not binding. *See* 26 U.S.C. § 6110(k)(3); 26 C.F.R. § 601.201(l); Rev. Proc. 2024-5. Further, XC Foundation retains the right to a de novo determination of its status in future litigation for a tax refund, or if sued by the IRS. *See, e.g.*, *Bluetooth SIG v. United States*, 611 F.3d 617, 621 (9th Cir. 2010). Those review procedures, on their own, provide sufficient process under the Due Process Clause. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 746–48 (1974). Moreover, the Foundation retains the

additional right to petition the Tax Court for a pre-enforcement determination by requesting a new determination letter. 26 U.S.C. § 7428(a), (b). All told, it suffered no due process violation.

The Foundation's Cruel and Unusual Punishments Clause argument fails because dismissal was not a criminal penalty, nor a civil penalty so intertwined with criminal consequences to effectively be the same. *See Johnson v. City of Grants Pass*, 72 F.4th 868, 889–90 (9th Cir. 2023), *cert. granted*, 144 S. Ct. 679 (2024). The Tax Court's order of dismissal imposes no fine or monetary penalty of any kind. Finally, the Foundation abandoned its Equal Protection Clause issue by failing to provide any argument or legal standards. *See United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir. 1987).

**AFFIRMED.**