**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE FLORES; CONNIE FLORES, | No. 07-15761 |
| Plaintiffs - Appellants, | DC No. CV 05-0291 OWW |
| v. | |
| EMERICH & FIKE, a professional corporation aka Emerich, Pedreira & Fike; DAVID R. EMERICH; DAVID A. FIKE; JEFFREY D. SIMONIAN; THOMAS A. PEDREIRA; LAWRENCE E. WESTERLUND; DENNIS HAGOBIAN, Is or was President, Chief Executive Officer, Chief Financial Officer, Chief Operating Officer of Yosemite Technologies, Inc.; VICTORIA HAGOBIAN; DENNIS HAGOBIAN RESIDENCE TRUST, a trust; VICTORIA HAGOBIAN RESIDENCE TRUST, a trust; DENNIS VARTAN; SANDY L. VARTAN; DENNIS VARTAN FAMILY TRUST, a trust; JUDITH YERAMIAN; LEE YERMANIAN EXEMPT QTIP TRUST, a trust; JUDITH MARY YERMANIAN FAMILY TRUST, a trust; W D FARMING LLC, a limited liability corporation; RUSSELL DAVIDSON; WILLIAM DAVIDSON; MICHAEL | MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

HEDBERG; ROD CHRISTENSEN, Co-Founder and Chief Technology Officer of Yosemite Technologies, Inc.; YOSEMITE TECHNOLOGIES, INC., a corporation,

    Defendants - Appellees,

 and

DDJ, INC.,

    Debtor,

JAMES EDWARD SALVEN,

    Trustee.

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted June 17, 2010[**]
San Francisco, California

Before:  TASHIMA and BEA, Circuit Judges, and READE, District Judge.[***]

---

[**]  The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]  The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

Joe and Connie Flores (the "Floreses") appeal the district court's dismissal of their claims against the law firm Emerich & Fike PC and individual lawyers (collectively, "Fike"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The Floreses sued Fike in connection with Fike's representation of DDJ, Inc., and DDJ, LLC (the "DDJ entities") in a lawsuit the Floreses filed against the DDJ entities in 1999 (the "1999 action").[1] The district court determined that the claims against Fike were not subject to the automatic stay under 11 U.S.C. § 362(a) that had been imposed as a result of the DDJ entities' filing for bankruptcy. The district court then struck, under California Code of Civil Procedure § 425.16 (the "anti-SLAPP statute"), or dismissed each of the Floreses' claims against Fike. The district court denied the Floreses' Rule 60 motion to vacate the judgment in favor of Fike and issued a Rule 54(b) certification to allow the Floreses to appeal.

The Floreses contend that the district court erred in: (1) dismissing causes of action that were stayed under § 362(a); (2) denying the Floreses' motion to vacate

---

[1] The Floreses asserted claims against Fike for: (1) alter ego liability; (2) malicious prosecution; (3) malicious use of process, spoliation of evidence, and fraudulent concealment of evidence; (4) violation of the Uniform Fraudulent Transfer Act; (5) violation of the Perishable Agricultural Commodities Act and 21 U.S.C. § 331; (6) fraud, deceit, intentional and negligent fraud, constructive fraud, and breach of fiduciary duty; (7) conversion; (8) RICO violations; (9) interference with contract; (10) conspiracy to defraud and interference with business; and (11) invasion of privacy and defamation.

judgment under Rule 60(b) based on the suspension of the DDJ entities' corporate status during Fike's representation; (3) denying the Floreses' motion to vacate judgment under Rule 60(b) based on the district court's failure to continue the anti-SLAPP motion to allow discovery; and (4) striking the Floreses' malicious prosecution and abuse of process claims.

**1.** We conclude that the district court did not dismiss any actions that were subject to the automatic stay under 11 U.S.C. § 362(a). In its order regarding the applicability of the automatic stay, the district court recognized that some claims against Fike could implicate the DDJ entities' bankruptcy estates and imposed its own stay "to afford the [bankruptcy] trustee a limited time to investigate the nature of the claims against the Fike Defendants." Based on the trustee's report,[2] the district court then lifted its own stay to enable Fike's motion to dismiss to proceed. The district court acted within its authority in lifting its own stay, as well as in determining the scope of the automatic stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106-07 (9th Cir. 2005) ("[A] district court has

---

[2] Although only the DDJ, Inc., trustee submitted a report to the district court, the district court did not err in treating his report as speaking for both himself and the DDJ, LLC, trustee, given that the two trustees had agreed to work together on behalf of both estates.

jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction.").

**2.** We conclude that the district court did not abuse its discretion in denying the Floreses' motion to vacate judgment based on Fike's representation of the DDJ entities in the 1999 action while the DDJ entities' corporate status was suspended. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004); *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001). The Floreses are correct that a party is not permitted to prosecute or defend an action while its corporate status is suspended. *See Reed v. Norman*, 309 P.2d 809, 812 (Cal. 1957); *Grell v. Laci Le Beau Corp.*, 87 Cal. Rptr. 2d 358, 363 (Ct. App. 1999). The Floreses, however, did not establish grounds for vacating the judgment. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(2), under which a court may vacate a judgment based on "newly discovered evidence," is inapplicable because the Floreses were aware of the suspension of corporate status during the 1999 litigation. Rule 60(b)(3), under which a court may vacate a judgment based on fraud, is inapplicable because the alleged fraud did not occur in the action that resulted in the judgment the Floreses sought to vacate, but rather in the 1999 action.[3]

---

[3] The Floreses prevailed in the 1999 action and do not seek to vacate the judgment in that case.

-5-

Moreover, the district court properly determined that the suspension of Fike's clients' corporate status did not preclude Fike's use of California's litigation privilege, *see Obos v. Scripps Psychological Assocs., Inc.*, 69 Cal. Rptr. 2d 30, 33 (Ct. App. 1997) ("[T]he focus of the applicability of [the litigation] privilege lies in whether the publication was connected or related to the underlying proceedings; the focus is not the status of the plaintiff in the subsequent proceeding. Indeed, even lack of standing does not vitiate the privilege."), or Fike's use of the anti-SLAPP statute, *cf. Flatley v. Mauro*, 139 P.3d 2, 15 (Cal. 2006) (holding that anti-SLAPP protection is not available where the "assertedly protected speech or petition activity [is] illegal as a matter of law").

**3.** We conclude that the district court did not abuse its discretion in denying the Floreses' motion to vacate judgment based on its failure *sua sponte* to continue the anti-SLAPP motion to permit further discovery. *See Casey*, 362 F.3d at 1257. The Floreses correctly note that Federal Rule of Civil Procedure 56 is in conflict with the discovery provisions of the anti-SLAPP statute. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-46 (9th Cir. 2001). The Floreses, however, failed to request a continuance or discovery, raising the issue only as part of their motion to vacate the judgment. Although *Metabolife* recognized that the party opposing an anti-SLAPP motion need not have "proffer[ed] sufficient facts to

show that the evidence sought exists, and that it would prevent summary judgment," *id.* at 847 n.16 (alteration in *Metabolife*), discovery is still a party-driven process, requiring the Floreses to at least seek discovery. *See Four Navy Seals v. AP*, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005) (distinguishing the case in which "[p]laintiffs ha[d] not asserted that discovery of any facts within the sole knowledge of Defendants [wa]s essential to meet their burden of production under § 425.16" from *Metabolife*, in which "the plaintiff company repeatedly argued that it needed to conduct discovery on a particular issue in order to meet its burden in opposing the Anti-SLAPP motion to strike").

4.     Finally, we conclude that the district court did not err in striking the Floreses' malicious prosecution and abuse of process causes of action. Both of those causes of action are subject to the anti-SLAPP statute. *See Jarrow Formulas, Inc. v. LaMarche*, 74 P.3d 737, 741 (Cal. 2003) ("[E]very [California] Court of Appeal that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute."); *Siam v. Kizilbash*, 31 Cal. Rptr. 3d 368, 374 (Ct. App. 2005) ("[A]buse of process is . . . subject to the [anti-SLAPP] statute since it arises from the right of petition."). The district court properly concluded that the Floreses failed to meet their burden under the anti-SLAPP statute of demonstrating a likelihood of success on the merits. *See*

*Jarrow Formulas*, 74 P.3d at 746 (stating that, under the anti-SLAPP statute's burden-shifting framework, the plaintiff must demonstrate that the claim is "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited" (internal citation and quotation marks omitted)).

The judgment of the district court is **AFFIRMED**[4]**.**

---

[4]   All pending motions are denied as moot.