Filed 3/30/16  Waypoint Biomedical, Inc. v. Binational Logistics CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| WAYPOINT BIOMEDICAL, INC., | D067776 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2009-00074103 CU-BC-SC) |
| BINATIONAL LOGISTICS, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Dismissed.

Philip D. Dapeer, a Law Corporation and Philip D. Dapeer, for Plaintiff and Appellant.

Lawton Law Firm, Dan Lawton and Joseph C. Kracht, for Defendant and Respondent.

Waypoint Biomedical, Inc. (Waypoint) appeals from a judgment in favor of Binational Logistics, LLC (Binational).  We dismiss the appeal because Waypoint has been a suspended corporation since 2009.  We provided Waypoint with several

opportunities to obtain a certificate of revivor, but it has not done so.  We deny Waypoint's motion for an additional 45 days to obtain the certificate.

FACTUAL SUMMARY

This appeal arises from Waypoint's breach of contract action against Binational. In January 2015, the trial court dismissed the action for failure to bring the matter to trial within the five-year statutory period.  (Code Civ. Proc., § 583.310.)  In rejecting Waypoint's tolling arguments, the court found:  "[Waypoint] has had ample opportunity and time since May 2009, when it forfeited its corporate status for failure to pay franchise taxes, to cure its forfeit status, obtain a revivor, and properly prosecute this action. . . .  It has not done so."

Waypoint filed its notice of appeal on March 27, 2015.  Two weeks later, Binational moved to dismiss the appeal based on Waypoint's forfeited corporate status. In response, Waypoint conceded it was a suspended corporation, but argued that Binational had waived the suspension and/or that it should be given time to obtain a revivor.  On May 1, 2015, this court ordered that Binational's motion be considered in connection with the appeal.

On February 25, 2016, the merits panel issued an order, stating:  "Upon reviewing respondent's motion to dismiss and appellant's opposition to the motion, it appears to the court that appellant's corporate status was suspended in 2009 by the Franchise Tax Board for failure to meet tax requirements and there is no showing its corporate status has been revived.  The court thus intends to dismiss the appeal with prejudice unless on or before

2

March 10, 2016, appellant files proof it has properly revived its status with the Secretary of State."

On March 8, Waypoint's counsel (Philip Dapeer) filed a request for an extension of time to obtain the revivor. In his declaration, Dapeer said he has been "out of the office" since February 26, 2016 due to his mother's serious illness, and that he would not be returning to work until March 9. He said he is working with his client's accountant to prepare "the necessary paperwork in order to obtain revivor," and that there is a "debate" between Waypoint's accountant and the Franchise Tax Board regarding the calculation of the tax amount "that might be due in order to obtain revivor." Dapeer stated: "Because of the foregoing, and the length of time declarant understands it will take for the Franchise Tax Board to process a revivor request, declarant requests on behalf of [Waypoint] an extension of time to and including March 21, 2016 within which to obtain revivor and provide proof of revivor to the Court."

The same day, this court granted the motion and issued an order extending the time for Waypoint "to obtain corporate revivor to Monday, March 21, 2016."

On the last day of this extension period, March 21, attorney Dapeer filed an another request for an additional 45 days to obtain the corporate revivor. In support, he submitted his declaration stating that Waypoint's accountant "has been attempting to resolve [a] dispute" with the Franchise Tax Board "regarding the effect of [Waypoint's] bankruptcy" on the taxes owed but "additional time is needed because of the apparent complexity" of the bankruptcy issues. Dapeer did not present any supporting evidence from Waypoint's accountant or from the Franchise Tax Board.

3

Binational opposed the motion, noting that Waypoint produced no competent evidence of the existence of a "dispute" or that the "dispute" will likely be resolved within 45 days. Binational also asserted that Waypoint's bankruptcy did not provide a valid excuse for the suspended corporate status, and submitted evidence showing that Waypoint filed for bankruptcy in April 2012, and the bankruptcy case was closed seven months later in November 2012 with "NO DISCHARGE."

In its reply, Waypoint reaffirmed it had not obtained a revivor and did not suggest it was likely to obtain a revivor during the requested 45-day extension period. Waypoint instead asserted (without any supporting evidence) that there are "no franchise taxes due and owing" at the current time. Waypoint also repeated its earlier assertions that no revivor was necessary because the issue had been waived by a stipulation in the trial court.

## DISCUSSION

As a currently suspended corporation, Waypoint is disqualified from prosecuting this appeal. When its corporate rights are suspended or forfeited, a corporation may not prosecute or defend an action and may not appeal from an adverse judgment. (*Bourhis v. Lord* (2013) 56 Cal.4th 320, 324; *Reed v. Norman* (1957) 48 Cal.2d 338, 343.)

A suspended corporation may apply with the Franchise Tax Board for a certificate of revivor after it has satisfied its tax obligations, and this certificate retroactively validates an earlier notice of appeal and thereafter permits the prosecution of the appeal. (*Bourhis v. Lord, supra*, 56 Cal.4th at p. 324.) However, it is undisputed that Waypoint has never obtained a certificate of revivor.

4

Waypoint's waiver arguments are without merit. The record does not support Binational waived its right to assert the issue on appeal. In any event, this court on its own motion has the authority to determine Waypoint has no capacity to bring this appeal because of its forfeited corporation status. The purpose of the rule "is to 'prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern' " and to induce the entity to pay its taxes. (*Grell v. Laci Le Beau Corp.* (1999) 73 Cal.App.4th 1300, 1306.) Waypoint cannot take advantage of the judicial processes without becoming reinstated as a corporation. This requires evidence of a certificate of revivor.

We reject Waypoint's request for additional time to obtain a certificate of revivor. The Franchise Tax Board suspended Waypoint's corporate powers seven years ago, and there is no evidence that Waypoint has paid any taxes since that time. Waypoint filed its appeal in March 2015, and was made aware of the need to obtain a revivor. It did nothing to remedy this defect for the next 11 months. On February 25, 2016, we issued an order notifying Waypoint that this court intends to dismiss the appeal with prejudice unless Waypoint files proof by March 10 that it properly revived its corporate status.

Two days before this period expired, Waypoint asked for an additional two-week extension to allow it to complete its discussion with the Franchise Tax Board and obtain a revivor. We agreed to this two-week extension. However, on the final day of this extension-period, Waypoint asked for an additional 45-day extension. We find the grounds for this request to be unsupported and meritless. There is no basis for an extension.

DISPOSITION

Appeal dismissed with prejudice.  The order of February 26, 2016 placing the

matter on calendar for April 12, 2016 is vacated.  Appellant to pay respondent's appellate

costs.


HALLER, J.

WE CONCUR:


NARES, Acting P. J.


McDONALD, J.

6