[No. D061348. Fourth Dist., Div. One. Dec. 19, 2012.]

WEINGARTEN REALTY INVESTORS, Plaintiff and Respondent, v. JOHN CHIANG, as State Controller, Defendant and Appellant.

## COUNSEL

Kamala D. Harris, Attorney General, Douglas J. Woods, Assistant Attorney General, Tamar Pachter and Daniel J. Powell, Deputy Attorneys General, for Defendant and Appellant.

Kirby & McGuinn, Dean T. Kirby, Jr., and Roberta S. Robinson for Plaintiff and Respondent.

## OPINION

**McINTYRE, J.**—In this case, the trial court assigned a judgment debtor's property that had previously escheated to the state under the provisions of the Unclaimed Property Law (Code Civ. Proc., § 1500 et seq.) to a judgment creditor. (Undesignated statutory references are to the Code of Civil Procedure.) The assignee sought to recover the property from the state by filing a claim under section 1540. John Chiang, California's State Controller (the Controller), denied the claim on the ground that an assignee judgment creditor is not an "owner" as defined in section 1540 and thus cannot recover unclaimed property pursuant to that section.

 As we shall explain, we conclude that an assignee judgment creditor can utilize section 1540 to recover unclaimed property that has escheated to the state prior to the assignment. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The material facts in this case are undisputed. Weingarten Realty Investors (Weingarten) is a judgment creditor of Novadyne Computer Systems, Inc. (Novadyne). In August 2010, the Sacramento Superior Court assigned property held by the state's unclaimed funds division on behalf of Novadyne to Weingarten. The property included cash from various accounts and stock from two companies. The court ordered the Controller to deliver this property to Weingarten.

Weingarten submitted a copy of the court's assignment order along with verified claim forms for each item of property to the Controller pursuant to section 1540. The Controller denied the claims asserting, among other things, that the court did not have jurisdiction over the Controller or the property subject to the assignment and only an "owner" who had a legal right to the property before it escheated to the state could recover under section 1540.

Weingarten filed an action in the San Diego Superior Court alleging that the Controller improperly denied its claims. Thereafter, Weingarten moved for summary judgment. The Controller admitted that there were no material factual disputes, but asserted that Weingarten was not entitled to summary judgment as a matter of law for essentially the same reasons raised in this appeal. The trial court granted summary judgment in favor of Weingarten, and this appeal followed.

## DISCUSSION

### I. *Trial Court's Jurisdiction*

The Controller contends that the Sacramento Superior Court's order assigning Novadyne's unclaimed property to Weingarten is void because the court lacked jurisdiction over the property and the Controller. We reject this argument.

Section 708.510, subdivision (a), provides the following: "[U]pon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor or to a receiver . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments . . . ."

Here, the Sacramento Superior Court's order assigned "funds and stocks held by the State of California, Office of the Controller, Unclaimed Funds Division" to Weingarten. The order further directed the Controller to deliver this property to Weingarten. Weingarten did not seek to enforce the portion of

the order directing the Controller to turn over Novadyne's unclaimed property; instead, it proceeded under section 1540 to recover that property. Accordingly, we address only the assignment portion of the order.

As an initial matter, we note that while the order on its face appears to directly assign the subject property to Weingarten, the superior court could only assign Novadyne's interest in the property or "right to payment due." (§ 708.510, subd. (a).) We presume this is what the court intended and note that no prejudice resulted from the wording of the order because Weingarten proceeded as if it had only those rights that Novadyne had to recover the property from the Controller.

Novadyne's interest in the unclaimed property was the right to obtain payment from the state through the mechanisms set forth in section 1540 (*post*, part II.B.). That interest was assigned to Weingarten who, as an assignee, " 'stands in the shoes' " of Novadyne. (*Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.* (2002) 102 Cal.App.4th 765, 775 [125 Cal.Rptr.2d 804].) In order to assign Novadyne's rights to recover the unclaimed property from the state to Weingarten, the superior court was not required to have jurisdiction over the Controller. Rather, it was only required to have jurisdiction over Novadyne, which is undisputed. Pursuant to section 708.510, the court had the power to order Novadyne to assign to Weingarten Novadyne's right to payment from the state. Accordingly, the Controller's jurisdiction arguments lack merit.

## II. *Section 1540*

### A. *General Legal Principles and Standard of Review*

This action presents an issue of law regarding the interpretation of section 1540 as applied to undisputed facts. Our review is de novo (*Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 711 [49 Cal.Rptr.2d 722]) and begins "with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.]" (*People v. Flores* (2003) 30 Cal.4th 1059, 1063 [135 Cal.Rptr.2d 63, 69 P.3d 979].) To determine legislative intent, we must examine the words of the statute, giving them their usual and ordinary meaning and construing the words and clauses in the context of the statute as a whole. (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].) "We are not free to give the words of a statute a definition 'different from the plain and direct import of the terms used.' [Citation.] Rather, it is our role to ascertain the meaning of the words used, not to insert what has been omitted or otherwise rewrite the law to conform to an intention that has not been expressed. [Citation.]" (*Gray Cary Ware & Freidenrich v. Vigilant Insurance Co.* (2004) 114 Cal.App.4th 1185, 1190 [8 Cal.Rptr.3d 475] (*Gray*).)

With these general principles in mind, we must evaluate whether section 1540 permits an assignee judgment creditor to recover unclaimed property that has previously escheated to the state.

## B. *Analysis*

The Controller contends Weingarten cannot recover Novadyne's unclaimed property under section 1540 because it is not an "owner" as defined in that section. We reject this argument. Before we explain our conclusion, however, we provide an overview of the Unclaimed Property Law.

■ "The [Unclaimed Property Law] governs the state's handling and disposition, generally through the controller, of property such as bank accounts and securities, held by entities such as banks, brokerage firms, and insurance companies, the owners of which have not acknowledged or claimed their interest in for several years, generally three. Such property by statute escheats, nonpermanently, and the holder must transfer it to the controller." (*Morris v. Chiang* (2008) 163 Cal.App.4th 753, 755–756 [77 Cal.Rptr.3d 799] (*Morris*).) " '[The Unclaimed Property Law's] dual objectives are "to protect unknown owners by locating them and restoring their property to them and to give the state rather than the holders of unclaimed property the benefit of the use of it, most of which experience shows will never be claimed." ' " (*Azure Limited v. I-Flow Corp.* (2009) 46 Cal.4th 1323, 1328 [96 Cal.Rptr.3d 501, 210 P.3d 1110].)

Title to the unclaimed property does not permanently vest in the state. (*Morris, supra*, 163 Cal.App.4th at p. 756.) Rather, escheat under the Unclaimed Property Law is "[n]onpermanent," which means that title vests in the state " 'subject to the right of claimants to appear and claim the escheated property.' " (163 Cal.App.4th at p. 756.) "When the original owner or a person claiming thereunder claims the property, and the controller approves the claim, the controller pays the . . . claimant." (*Ibid.*)

Section 1540, regarding the filing and payment of claims under the Unclaimed Property Law, provides the following:

"(a) *Any person, excluding another state, who claims an interest in property paid or delivered to the Controller under this chapter may file a claim to the property or to the net proceeds from its sale.* The claim shall be on a form prescribed by the Controller and shall be verified by the claimant.

"(b) The Controller shall consider each claim within 180 days after it is filed and may hold a hearing and receive evidence. The Controller shall give written notice to the claimant if he or she denies the claim in whole or in part. . . .

"(c) No interest shall be payable on any claim paid under this chapter.

"(d) *For the purposes of this section, 'owner' means the person who had legal right to the property prior to its escheat,* his or her heirs, his or her legal representative, or a public administrator acting pursuant to the authority granted in Sections 7660 and 7661 of the Probate Code.

"(e) Following a public hearing, the Controller shall adopt guidelines and forms that shall provide specific instructions to assist *owners* in filing claims pursuant to this article." (Italics added.)

The Controller relies on the definition of "owner" in section 1540, subdivision (d), to assert that Weingarten cannot recover Novadyne's unclaimed property. Specifically, the Controller asserts that only "owners" that had a legal right to the property *before* it escheated to the state can recover under the Unclaimed Property Law. Weingarten contends that the applicable definition of an "owner" is found in section 1501, subdivision (g), which states, " 'Owner' means . . . any person having a legal or equitable interest in property subject to th[e] [Unclaimed Property Law] . . . ." Weingarten also asserts that, as an assignee, it is in fact the owner of the unclaimed property and has all of the rights of the assignor.

The Controller's proposition starts with the assumption that while anyone can *file* a claim under section 1540, subdivision (a), only "owners," as defined in section 1540, subdivision (d), can *recover* unclaimed property. We do not see these matters as distinct. Part 3, title 10, chapter 7, article 4 of the Code of Civil Procedure, part of the Unclaimed Property Law (§§ 1540–1542), is entitled "Payment of Claims." While there are provisions in that article concerning filing claims and the Controller's consideration and denial of those claims, there is nothing specifically regarding recovery or the Controller's duty to make payments. (*Ibid.*) Given the subject matter of the article and the context of section 1540, it does not make sense to allow a person to file a claim (§ 1540, subd. (a)) and require the Controller to consider that claim with the ability to hold a hearing and receive evidence (§ 1540, subd. (b)), and not allow the claimant to recover. Further, we see nothing in the statute suggesting that the Legislature intended to allow claimants to file claims without the ability to recover. Thus, we reject the Controller's assertion that filing and recovery are independent matters within section 1540.

We next consider whether Weingarten was required to be an "owner" with an interest in the property before it escheated to the state, as defined in section 1540, subdivision (d). The term "owner" does not appear anywhere in section 1540 other than in subdivision (d), which defines the term, and subdivision

(e), which pertains to the Controller's duty to adopt guidelines and forms "to assist owners in filing claims." Notably, the term was excluded in section 1540, subdivisions (a) and (b) regarding filing claims and the Controller's consideration of those claims, respectively.

■ The Controller's interpretation of section 1540 would require us to insert the term "owner" into subdivision (a), which we are not free to do. (See *Gray, supra*, 114 Cal.App.4th at p. 1190.) Rather, our role is to ascertain the meaning of the words used. (*Ibid.*) Applying the ordinary and usual meaning to the words of the statute, it appears that Weingarten's status as an "owner" is immaterial to this dispute because "[a]ny person . . . who claims an interest in [the] property" can file a claim under section 1540. (§ 1540, subd. (a).) In the context of the statute, having chosen the words "[a]ny person . . . who claims an interest in [the] property" instead of "owner," it is plain that the Legislature did not intend to limit claims to "owners" as defined in section 1540, subdivision (d).

Even if the plain language of section 1540, subdivision (a), was deemed ambiguous, there is nothing in the legislative history of section 1540 that alters our conclusion. As the Controller points out, the definition of "owner" (subd. (d)) was added to the statute in 1976 along with an amendment to section 1540, subdivision (c) that required the Controller to add interest "to the amount of any claim paid to the owner." (See Historical and Statutory Notes, 20 West's Ann. Code Civ. Proc. (2007 ed.) foll. § 1540, pp. 296–297.) The Controller argues that because the Legislature amended the statute to allow for interest payments to "owners," it contemplated that the Controller would pay claims only to "owners." We are not persuaded.

Had the Legislature intended to limit recovery to "owners" as defined in section 1540, subdivision (d), it presumably would have included that limitation in the statute. It did not do so. Rather, the Legislature maintained the broad scope of a "claimant" as set forth in section 1540, subdivision (a), where it easily could have limited that provision to "owners" when the statute was amended to include the definition set forth in subdivision (d). In our view, this suggests that the Legislature deliberately chose to permit any persons who claim an interest in unclaimed property, such as an assignee, to recover under section 1540. We therefore conclude that the Legislature did not intend to limit the scope of claimants under section 1540, subdivision (a), to "owners" defined in subdivision (d).

Having concluded that Weingarten was able to file a claim and recover under section 1540, we reject the Controller's argument that the Enforcement of Judgments Law (§ 680.010 et seq.) provided the exclusive procedure for Weingarten to enforce its judgment against funds held by the Controller on behalf of Novadyne.

### III. *Request for Judicial Notice*

The Controller filed a motion requesting that we take judicial notice of the Assembly Concurrence in the Senate Amendments to Assembly Bill No. 1756 (2003–2004 Reg. Sess.) as amended July 27, 2003. We grant the motion, but do not rely on that judicially noticed document in interpreting section 1540. (Evid. Code, §§ 452, subd. (c), 459, subd. (a).) If there is only one reasonable construction of statutory language, then we need not consider the legislative history and other extrinsic aids in determining the statute's legislative purpose. (Cf. *Abernathy v. Superior Court* (2007) 157 Cal.App.4th 642, 648–649 [68 Cal.Rptr.3d 726]; *County of Los Angeles v. Superior Court* (1993) 18 Cal.App.4th 588, 594–595 [22 Cal.Rptr.2d 409].) Nevertheless, there is nothing in the document that changes our analysis or the result in this case.

## DISPOSITION

The judgment is affirmed. Weingarten is entitled to costs on appeal.

Nares, Acting P. J., and O'Rourke, J., concurred.