Filed 11/19/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FIRSTMERIT BANK, N.A., | |
| Plaintiff and Appellant, | E061480 |
| v. | (Super.Ct.No. MCC1300968) |
| DIANA L. REESE, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. David E. Gregory, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Clark & Associates, Jeffrey A. Clark and Sara B. Spaeth for Plaintiff and Appellant.

Lerner & Weiss and Michael I. Weiss for Defendant and Respondent.

Plaintiff and appellant, FirstMerit Bank, N.A. (FirstMerit), sought to enforce a money judgment against defendant and respondent, Diana L. Reese (Reese), by applying for an order assigning Reese's interest in two trusts to FirstMerit and an order restraining

1

her from otherwise disposing of her right to payment under the trusts.  (Code Civ. Proc., §§ 708.510, subd. (a), 708.520.)[1]  The trial court denied the motion.

FirstMerit appeals and contends:  (1) section 708.510 gives the trial court authority and jurisdiction to order Reese to assign FirstMerit funds she receives from the trusts; (2) section 708.520 gives the court authority to issue an order restraining Reese from transferring her interest in the trusts; and (3) section 709.010 does not affect the court's authority or jurisdiction to enter such orders.

We affirm.

# I

## FACTUAL BACKGROUND

FirstMerit obtained a default judgment against Reese in Ohio and obtained a sister-state judgment from the Riverside County Superior Court in the amount of $134,868.85.

FirstMerit filed a motion in the trial court seeking an assignment order (§ 708.510) "requiring judgment debtor Diana L. Reese . . . to assign to Judgment Creditor, the Judgment Debtor's interest in any payments received by Judgment Debtor from the D. Milton Reese Trust . . . and the T. Delmont Reese Trust . . . in [her] capacity as a beneficiary of the . . . Trusts and all rights to payment thereunder to the extent necessary

---

[1]     All further unlabeled statutory references are to the Code of Civil Procedure.

2

to satisfy the judgment in full, including accrued interest th[r]ough the date of payment."

FirstMerit also sought an order (§ 708.520) "restraining [Reese] from assigning or otherwise disposing of the right to payment that is sought to be assigned."

Reese is a lifetime beneficiary of the D. Milton Reese Trust and the T. Delmont Reese Trust. According to a representative of the trustee, as of January 11, 2007, Reese received "monthly distributions of principal and income totaling $11,000.00" from the D. Milton Reese Trust and "monthly distributions of principal and income totaling $10,498.78" from the T. Delmont Reese Trust. The distributions are discretionary, but Reese has received the same or approximately the same amount from the trusts since 2001 and 1993, respectively. Reese claims the trusts are spendthrift trusts.

On May 23, 2014, the Riverside County Superior Court denied FirstMerit's motion for an assignment order. The court based its ruling on an interpretation of section 708.510, holding that "what is being requested of the Court is not within the contemplation of Code of Civil Procedure section 708.510. . . . An assignment order is a court order that assigns to the judgment creditor the debtor's right to payment due from a third person. An assignment order must include an order that assigns a right to payment outright and not simply directing a judgment debtor to make payments of funds that the judgment debtor may receive from a third party. Those funds are already able to be levied upon pursuant to a writ of possession, once they fall into the hands of the judgment debtor." Accordingly, the court denied the motion as "an improper request under

3

[section] 708.510." The court did not reach the request for a restraining order under section 708.520.

## II

## DISCUSSION

A.     *Assignment of Interest in Trusts*

FirstMerit contends the trial court erred by determining it was improper for the court to order Reese to assign payments from her trusts under section 708.510. We disagree.

This appeal requires us to construe several sections of the Code of Civil Procedure. "To determine the meaning of such . . . provision[s] entails the resolution of a pure question of law. [Citations.] The soundness of the resolution of such a question is examined de novo. [Citations.]" (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) To interpret the statute, we must ascertain legislative intent, starting with the language of the statute. (*Ventura County Dept. of Child Support Services v. Brown* (2004) 117 Cal.App.4th 144, 149-150.) "If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs." (*Estate of Griswold* (2001) 25 Cal.4th 904, 911.)

A money judgment may be enforced against an interest in a trust. (§ 695.030, subd. (b)(1).) In general, any property of the judgment debtor that is subject to enforcement of a money judgment is subject to levy under a writ of execution under section 699.710. (§ 699.710 ["Except as otherwise provided by law, all property that is

4

subject to enforcement of a money judgment . . . is subject to levy under a writ of execution to satisfy a money judgment"].) However, the Legislature specifically excluded interest in a trust from levy by writ of execution. (§ 699.720, subd. (b) ["The following types of property are not subject to execution . . . [t]he interest of a trust beneficiary"].) Instead, a judgment creditor must utilize the enforcement procedures set out under section 709.010 to reach the interest of a trust beneficiary.

By its plain terms, the enforcement procedures of Code of Civil Procedure section 709.010 are the only means available for a judgment creditor to enforce a money judgment against an interest in a trust. (Code Civ. Proc., § 709.010, subd. (b) ["The judgment debtor's interest as a beneficiary of a trust is subject to enforcement of a money judgment *only* upon petition under this section . . .", italics added].) Moreover a judgment creditor may file a petition only with "a court having jurisdiction over administration of the trust. . . ." (*Ibid*.) Under a proper petition, "[t]he judgment debtor's interest in the trust may be applied to the satisfaction of the money judgment by such means as the court, in its discretion, determines are proper, including but not limited to imposition of a lien on or sale of the judgment debtor's interest, collection of trust income, and liquidation and transfer of trust property by the trustee." (*Ibid*.) Provisions of the Probate Code impose, under certain circumstances, limits on a judgment creditor's right to collect from a trust. (Code Civ. Proc., § 709.010, subd. (c).)

It follows from these statutory principles that FirstMerit was not entitled to an order requiring Reese to assign her interest in the trusts. FirstMerit concedes Reese's

5

trusts are administered in Ohio and that the trial court therefore does not have jurisdiction over the administration of the trusts. Accordingly, FirstMerit could not seek enforcement of its money judgment against Reese's interest in the trusts by petitioning the court under section 709.010. The statutory language is equally plain that "[t]he judgment debtor's interest as a beneficiary of a trust is subject to enforcement of a money judgment *only* upon petition under this section. . . ." (§ 709.010, subd. (b), italics added.) The trial court could not, therefore, avoid the limitations on its authority under section 709.010, subdivision (b) by entering an order under section 708.510 that assigns Reese's interest to FirstMerit. Doing so would have exceeded the court's jurisdiction. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 290 ["[W]hen a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction . . ."].)

FirstMerit argued in its briefs and at oral argument that, notwithstanding section 709.010, it is permitted to utilize the assignment procedures set out in section 708.510 to obtain "an order directing Reese to assign and turnover payments distributed to her from a third party trustee."[2] Such an order, FirstMerit argues, would not require jurisdiction over the trustees because it would direct "assignment of Reese's right to receive payments of the Trusts *once they are disbursed by the Trustee*." (Italics added.)

---

[2] We decline to take judicial notice of certain unpublished opinions of the Court of Appeal addressing this issue. (California Rules of Court, rule 8.1115(a).)

FirstMerit's proposal ignores the nature of an assignment. An "assignment merely transfers the interest of the assignor. The assignee 'stands in the shoes' of the assignor, taking his or her rights and remedies, subject to any defenses that the obligor has against the assignor prior to notice of the assignment." (1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 735, p. 819; see also *Weingarten Realty Investors v. Chiang* (2012) 212 Cal.App.4th 163, 167 (*Weingarten*) ["Novadyne's interest in the unclaimed property was the right to obtain payment from the state. . . . That interest was assigned to Weingarten who, as an assignee, 'stands in the shoes' of Novadyne"].) Thus, in seeking an assignment order under section 708.510, FirstMerit sought to acquire Reese's rights to receive payments from Reese's trustees. (See *Weingarten*, *supra*, at p. 167.) That result is precisely what the Legislature precluded by enacting exclusive procedures for enforcing money judgments against trusts. (§ 709.010, subd. (a).) Those exclusive procedures allow a court to apply a judgment debtor's interest in a trust "to the satisfaction of the money judgment by," among other means, "collection of trust income," but only if the court has jurisdiction over the administration of the trust. (§ 709.010, subd. (b).) It is uncontested that the trial court did not have jurisdiction over the administration of the Reese trusts, and the trial court was correct to refuse FirstMerit's invitation to ignore that defect.

FirstMerit argued it is permitted to seek an order requiring Reese to turn over funds the trustees have already "distributed to her." This argument misses the point. As the trial court correctly held, once the trustees have distributed the funds, they are not

7

subject to an assignment order, but can "be levied upon pursuant to a writ of possession, once they fall into the hands of the judgment debtor." The trial court correctly held that seeking assignment of Reese's interests in the trust was not the proper way to enforce the money judgment against funds in Reese's possession and that there are other statutory procedures for enforcing the judgment against such funds.

FirstMerit argued in its briefs and at oral argument that *Weingarten* establishes the courts *do* have the authority to order a judgment debtor to assign her interest in a trust even if they do not have jurisdiction over the trustees. But *Weingarten* did not involve an assignment order against trust assets. *Weingarten* stands for the more basic proposition that to enter an order of assessment under section 708.510, the superior court "was only required to have jurisdiction over [the judgment debtor]" but "was not required to have jurisdiction over the Controller [the obligor]." (*Weingarten*, *supra*, 212 Cal.App.4th at p. 167.) The problem for FirstMerit, as we held above, is that section 709.010 takes the enforcement of money judgments against interests in trusts out of the ambit of section 708.510 and specifically limits the court to enforcement against trusts whose administration is within its jurisdiction.

B.    *Restraining Order*

FirstMerit also contends it was entitled to a temporary restraining order under section 708.520 "to prevent Reese's evasion of her obligation to pay the judgment by disposition, sale, alienage, conveyance, or otherwise of the funds sought to be assigned." The trial court did not reach this issue.  We hold that FirstMerit was not entitled to a temporary restraining order under section 708.520 for the same reason we hold it was not entitled to an assignment order:  The procedures of section 709.010 provide the exclusive means of enforcing a money judgment against an interest in a trust.

## III

## DISPOSITION

We affirm the judgment.  Respondent is awarded costs on appeal.

CERTIFIED FOR PUBLICATION


                                                          RAMIREZ
                                                                              P. J.


We concur:


HOLLENHORST
                    J.


KING
                    J.


9