Filed 3/20/20

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| CALIFORNIA VALLEY PROPERTIES LLC, | ) | No. BV 033116 |
| | ) | |
| Plaintiff and Appellant, | ) | Central Trial Court |
| | ) | |
| v. | ) | No. 18STUD13856 |
| | ) | |
| YELIN BERLFEIN, | ) | |
| | ) | |
| Defendant and Respondent. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas D. Long, Judge. Affirmed.

Allen R. King, Law Office of Allen R. King, for Plaintiff and Appellant California Valley Properties LLC.

No appearance for Respondent and Defendant Yelin Berlfein.

\*          \*          \*

## INTRODUCTION

The City of Los Angeles Rent Stabilization Ordinance (LARSO) bars an eviction based on violation of a rental agreement occupancy restriction when "the additional tenant who joins the occupants of the unit . . . is . . . the sole additional adult tenant," but the landlord is given "the right to approve or disapprove the prospective additional tenant . . . , provided that the approval is not unreasonably withheld." (L.A. Mun. Code (LAMC), § 151.09.A, subd. (2)(b).) We hold an eviction due to a tenant violating an agreement by having an additional adult in a dwelling is only proper when the landlord has reasonably withheld approving the additional tenant.

Plaintiff and appellant California Valley Properties LLC appeals the judgment entered in favor of defendant and respondent Yelin Berlfein in a residential unlawful detainer action. Plaintiff contends the court erred in granting defendant's summary judgment motion, maintaining defendant failed to meet his burden of showing there were no triable issues of material fact regarding his affirmative defenses.

We affirm. The eviction was based on defendant violating the condition of his rental agreement that barred more than one adult and one child living in his apartment, because there were two adults residing in the unit, the tenant and his wife. However, defendant established there was no triable issue of fact as to the eviction being barred by LAMC section 151.09.A, subdivision (2)(b)), because there was no indication plaintiff reasonably disapproved the additional occupant. Since the defense was established, judgment was properly entered in defendant's favor.

## BACKGROUND

On December 27, 2018, plaintiff filed an unlawful detainer complaint against defendant based on failure to comply with a three-day notice to perform a covenant in a rental agreement. The complaint alleged the property was subject to LARSO. The notice indicated defendant breached the provision of a 1999 written rental agreement which restricted occupancy in the apartment to "no more than 1 adults 1 children [*sic*]" residing in the unit because, in addition to

2

defendant, "[t]here is an adult female living in the apartment."[1] Plaintiff sought possession of the property, forfeiture of the rental agreement, damages, and attorney fees.

On February 15, 2019, defendant filed an answer, denying the allegations in the complaint. Defendant asserted several affirmative defenses, including checking off the box in his form answer that plaintiff violated the rent control law because "[l]andlord does not state and/or have cause for the eviction. L.A.M.C. § 151.09(A)." Defendant also asserted plaintiff waived the right to evict him for violating the occupancy covenant because "[l]andlord accepted rent with actual and/or constructive knowledge of the alleged breach." Defendant elaborated in the answer that "the owner agent as well as the prior owners and their agents, have accepted rent with full knowledge that his wife is residing with him in the apartment."

Defendant filed a motion for summary judgment supported by a memorandum of points and authorities setting forth his arguments and the law governing summary judgment in unlawful detainer actions. Defendant also filed his declaration in support of the motion.

In the declaration, defendant averred that on March 1, 1998, he moved into the apartment unit at issue with a woman and their minor son under a rental agreement limiting occupancy to "two adults and one child." When he and the woman broke off their relationship and the woman moved out in late 1998, defendant was told by the manager that he should sign an amended agreement (the 1999 agreement) as a "formality to reflect the fact that [the second adult] was no longer living there." Defendant asserted, "I was told that I must sign it, that if I want to continue to live in the apartment I must sign this amendment." (Capitalization omitted.)

Defendant further declared that, at the time the three-day notice was served, his son, who was now an adult, had moved out of the apartment, and only defendant and his wife (a different woman than the one who moved out in 1998) occupied the apartment. Defendant also maintained that his wife lived at the apartment for the last four years and "the managers who

---

[1]A copy of the agreement was attached to the complaint. It provided the rental was for an apartment consisting of "2 bedrooms, 2 baths" for the period of one year starting in February 1999, for $850 per month, and that the rental would continue on a month-to-month basis after the period expired. The complaint maintained that, over the years, the rent was increased to the current monthly rent of $1,551.93.

3

collect the rents often talked to [defendant] and [his] [current] wife," but never took steps to enforce the occupancy limitation in the 1999 agreement. Defendant additionally asserted plaintiff became the owner of the apartment complex "only about six months ago" and "[i]t was only a few months after the current owner purchased the apartment building that they decided to evict [defendant]."

Defendant's memorandum of points and authorities argued defendant was coerced into signing the 1999 agreement; he did not violate the conditions of his 1999 agreement, because the agreement must have contemplated that, when the child in the unit turned 18, defendant would be allowed to have one additional adult occupy the premises; and that plaintiff waived the right to evict him. The memorandum further stated, "The landlord may not unseasonably [*sic*] disapprove of an additional tenant. LARSO 151.09A(2)(b)," and concluded by stating, "Finally, even in case of additional tenant in violation of the rental agreement (which is **NOT** the case here, as here there was no violation), a landlord may not unreasonably approved [*sic*] an additional tenant. (LARSO A(2)(b))." (Highlighting and capitalization in original.)

Plaintiff filed an opposition to the motion, arguing defendant was not entitled to summary judgment because he failed to establish "a recognizable affirmative defense to the [unlawful detainer] cause of action." According to plaintiff, defendant claimed he was coerced into signing the 1999 agreement, but defendant failed to "elaborate on what [*sic*] constituted the coercion other than he was told he must sign the new agreement." Plaintiff further argued LARSO allowed defendant to have one additional person in the unit under LAMC section 151.09.A, subdivision (2)(b), only when a tenant has sought permission "prior to the extra person moving in," and "[t]here is no evidence that the defendant sought permission to have another occupant in the apartment." (Underlining in original.)

Plaintiff attached to the opposition the declaration of Rebecca Rosen, an agent of plaintiff, who asserted plaintiff acquired the property in April 2018, and that she "became aware that the defendant had an unauthorized adult female residing in the unit." Rosen stated she "never gave the defendant permission to have another person live in the unit" and "never intended to waive the plaintiff's right to enforce the lease agreement."

4

A hearing on the motion for summary judgment was conducted on February 26, 2019, and the court requested the parties to submit further briefing as to waiver, estoppel, and unconscionability. After the submission of supplemental briefs, the trial court took the matter under submission.

On March 27, 2019, the trial court issued an order granting defendant's motion for summary judgment. The court determined defendant established defenses which included the 1999 agreement being unconscionable, and that plaintiff, due to its predecessor owner's acceptance of rent knowing two adults occupied the residence, waived the right to evict defendant.

On March 27, 2019, the court entered judgment in favor of defendant. Plaintiff filed a timely notice of appeal.

DISCUSSION

*Legal Standards*

A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) When a defendant moves for summary judgment, he or she may present evidence to show that one or more elements of the cause of action cannot be established by the plaintiff, or that the defendant has established an affirmative defense to the cause of action. (See Code Civ. Proc., § 437c, subds. (o), (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853.) Once the defendant's initial burden has been met, the burden shifts to the plaintiff to demonstrate there is a triable issue of material fact as to the cause of action or affirmative defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 850.)

Violation of a rent control ordinance is an affirmative defense, over which a tenant bears the burden of proof. (See Evid. Code, § 500; *Birkenfeld v. City of Berkeley* (1976) 17 Cal.3d 129, 149.) With respect to LARSO, LAMC section 151.01 provides, in this regard, "In order to assure compliance with the provisions of this chapter violations of any of the provisions of this chapter may be raised as affirmative defenses in unlawful detainer proceedings."

We review an order granting summary judgment de novo. (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286.) "[W]e apply the same three-step analysis used by the [trial] court. We identify the issues framed by the pleadings, determine whether the moving party has negated the opponent's claims, and determine whether the opposition has demonstrated the existence of a triable, material factual issue. [Citation.]" (*Silva v. Lucky Stores, Inc.* (1998) 65 Cal.App.4th 256, 261.) The construction of statutes and ordinances is also reviewed de novo. (*Weingarten Realty Investors v. Chiang* (2012) 212 Cal.App.4th 163, 167-168; *City of San Diego v. Rider* (1996) 47 Cal.App.4th 1473, 1490.)

*The LARSO Issue*

To prevail in the motion for summary judgment, defendant was required to set forth facts sufficient to establish there was no triable issue of material fact as to an affirmative defense for the cause of action. The court found defendant showed there was no triable issue regarding defenses that included unconscionability and waiver. But, we do not decide whether the court correctly granted summary judgment based on the reasons it provided.

We gave the parties the opportunity to file letter briefs on whether the judgment should be affirmed because there was no triable issue of material fact as to LARSO barring the eviction. (See Code Civ. Proc., § 437c, subd. (m)(2) ["Before a reviewing court affirms an order granting summary judgment or summary adjudication on a ground not relied upon by the trial court, the reviewing court shall afford the parties an opportunity to present their views on the issue by submitting supplemental briefs. The supplemental briefs may include an argument that additional evidence relating to that ground exists, but the party has not had an adequate opportunity to present the evidence or to conduct discovery on the issue. The court may reverse or remand based upon the supplemental briefs to allow the parties to present additional evidence or to conduct discovery on the issue. If the court fails to allow supplemental briefs, a rehearing shall be ordered upon timely petition of a party"].) Only plaintiff filed a brief, which we have considered. We proceed to affirm based on plaintiff's noncompliance with LARSO.

There was no dispute as to whether the property was subject to LARSO, as this was alleged by plaintiff in the complaint and was not denied in the answer. In the answer, although defendant did not assert with specificity why LARSO was violated, he checked the box

6

indicating "[l]andlord does not state and/or have cause for the eviction. L.A.M.C. § 151.09(A)." Also, one of defendant's arguments in his points and authorities was that "[t]he landlord may not unseasonably [*sic*] disapprove of an additional tenant. LARSO 151.09A(2)(b)," and plaintiff countered that the defense was inapplicable because a tenant must seek permission to have an additional tenant "<u>prior</u> to the extra person moving in," and "[t]here is no evidence that the defendant sought permission to have another occupant in the apartment." At issue was whether LARSO barred the eviction, and we can affirm on this basis even though it was not a ground relied on by the trial court. (Code Civ. Proc., § 437c, subd. (m)(2).)

*LARSO Barred the Eviction*

LAMC section 151.09.A states, in relevant part, "A landlord may bring an action to recover possession of a rental unit only upon one of the following grounds," and proceeds to enumerate 14 grounds. The second ground is stated as follows: "2. The tenant has violated a lawful obligation or covenant of the tenancy and has failed to cure the violation after having received written notice from the landlord, other than a violation based on: [¶] (b) The obligation to limit occupancy, provided that the additional tenant who joins the occupants of the unit thereby exceeding the limits on occupancy set forth in the rental agreement is either the first or second dependent child to join the existing tenancy of a tenant of record or the sole additional adult tenant. For purposes of this section, multiple births shall be considered as one child. The landlord, however, has the right to approve or disapprove the prospective additional tenant, who is not a minor dependent child, provided that the approval is not unreasonably withheld."

There is no triable issue as to the only additional tenant on the property being defendant's wife, an adult. Also, the sole ground listed for the eviction in the notice to quit and in the complaint was a violation of the rental agreement's occupancy limit by having one adult female in the unit, and defendant in his declaration established only one additional person was living in the unit. Although the three-day notice signaled the landlord disapproved of defendant's wife living in the unit, there was no evidence presented at the summary judgment motion of the reasons for the disapproval. Without that evidence, it was impossible to establish the disapproval was reasonably withheld and, by necessity, impossible to establish the eviction

7

was authorized by LAMC section 151.09.A, subdivision (2)(b). Hence, there was no triable issue that plaintiff failed to set forth a lawful ground for the eviction.

Although given the opportunity to do so (see Code Civ. Proc., § 437c, subd. (m)(2)), plaintiff in its supplemental brief did not indicate there was any evidence that it reasonably withheld approval of defendant's wife as a tenant. Plaintiff maintained, as it did in the trial court, that it could evict defendant due to having one additional adult person in the apartment because there was no evidence that defendant asked for approval from the landlord to have the person reside in the unit. Focusing on the portion of the law that states the landlord "has the right to approve or disapprove the *prospective* additional tenant," plaintiff argues the provision should be construed to allow evictions based on a violation of an occupancy covenant *unless* the tenant has requested approval and the approval was unreasonably denied. We reject such a construction.

Plaintiff misunderstands the operation of the just cause provisions of LARSO. An eviction under the ordinance is barred unless a ground for the eviction is *expressly* set forth. Under LARSO, "A landlord may bring an action to recover possession of a rental unit *only* upon one of the [listed] grounds." (LAMC, § 151.09.A.) Based on a plain reading of LAMC section 151.09.A, subdivision (2)(b), no ground is stated for eviction when a tenant has violated a covenant by having one extra adult in the unit and has failed to secure the landlord's permission. (See *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [to determine a law's intent, a court "scrutinize[s] the actual words of the statute, giving them a plain and commonsense meaning"].) Instead, the ground for eviction indicated applies when there is a violation of occupancy restrictions for having one additional adult tenant, the landlord has disapproved the additional tenant, and the landlord reasonably withheld approval.

Use of the term "prospective tenant" appears to simply reference that the "sole additional adult" is considered a "prospective tenant" from the landlord's perspective, because the rental agreement is with the tenant, and the landlord has not given permission for anyone else to live there. In any event, there simply is no provision in the law that states tenants must notify a landlord of an additional tenant and ask for approval or be subject to eviction when one

8

additional tenant is discovered living in a unit.  (See *Gillotti v. Stewart* (2017) 11 Cal.App.5th 875, 896 ["[i]nserting additional language into a statute violates the cardinal rule of statutory construction that courts must not add provisions to statutes"].)

To the extent the ordinance is ambiguous on whether an eviction is allowed even if no prior authorization was sought, we construe the law to effectuate its underlying purpose and avoid absurd results.  (See *Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 ["The literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers"].)

"LARSO was born out of the shortage of affordable housing, especially for low-income individuals, in Los Angeles.  [Citation.]  It seeks to 'safeguard tenants from excessive rent increases' by imposing certain statutory limitations and obligations on landlords which landlords would otherwise not be subject to under normal freedom to contract principles . . . , [including], prohibit[ing] landlords from terminating leases without one of 14 enumerated 'good causes.'  [Citation.]"  (*Boston LLC v. Juarez* (2016) 245 Cal.App.4th 75, 84.) "Permitting landlords . . . with superior bargaining power to forfeit leases based on minor or trivial breaches would allow them to strategically circumvent LARSO's 'good cause' eviction requirements and disguise pretext evictions under the cloak of contract provisions."  (*Id.* at p. 85.)

Under plaintiff's interpretation of LAMC section 151.09.A, subdivision (2)(b), an eviction would be allowed based on the presence of one additional adult when no prior approval was sought, *even if it would have been unreasonable for the landlord to disapprove of the additional person*.  This is an absurd result which would disserve the purpose of the rent control law.

The City of Los Angeles Rent Adjustment Commission (RAC) Regulations state a landlord may increase rent when additional tenants move in.  (RAC reg., § 311.02.  See *1300 N. Curson Investors, LLC v. Drumea* (2014) 225 Cal.App.4th 325, 334 [noting LAMC, § 151.03 gave the RAC "the authority to promulgate policies, rules and regulations to effectuate the purposes of [LARSO]"].)  And, citing LAMC section 159.09.A, subdivision (2)(b), the RAC regulations provide, "The landlord shall maintain the right to approve or disapprove a

9

prospective adult tenant, provided that approval is not unreasonably withheld" (RAC reg., § 312.01), and state, "In approving an additional tenant, the landlord may apply commonly accepted standards for screening tenants including the tenant's rental history, ability to pay the monthly rent, creditworthiness and employment" (RAC reg., § 312.02). Allowing evictions when there is no indication any such criteria would have been satisfied had approval been sought would permit evictions based on a nonsubstantive or trivial violation of a rental agreement and be counterproductive to LARSO's stated purpose. (See *Boston LLC v. Juarez*, *supra*, 245 Cal.App.4th at p. 85.)

The illogic of such a result is illustrated by the undisputed facts of the present case. The rental agreement provided the apartment consisted of "2 bedrooms, 2 baths," and there was no indication that plaintiff could have presented any evidence showing plaintiff wanted to prevent defendant's wife from occupying the premises for any ground enumerated in the RAC regulations or for any other reasonable reason.

The evidence showed the sole justification for not allowing defendant's wife to live with her husband was due to the rental agreement limiting occupancy to one adult and one child. Rosen, plaintiff's agent, asserted in her declaration that, after plaintiff acquired the property, she "never gave the defendant permission to have another person live in the unit" and "never intended to waive the plaintiff's right to enforce the lease agreement." Even assuming the declaration raised a triable issue as to whether plaintiff would have disapproved the occupancy if permission had been sought prior to the service of the eviction notice, plaintiff has not pointed to any evidence that could have been presented to show such disapproval would have been reasonable.

Plaintiff urges we interpret the LARSO provision to require advance approval in order to alert a landlord that the rent could be increased based on extra occupancy. Plaintiff's argument does not take into account that a rent hike is only allowed "if the additional tenant increases the number of tenants that existed at the inception of the tenancy of the current occupants" (RAC reg., § 310.02), and since there were two tenants at the start of the 1999 agreement (defendant and his son), a rent increase was barred because there were still only two tenants in the unit when defendant and his wife lived in the location at the time of the eviction action. In addition,

as defendant's wife merely replaced his son under the 1999 agreement when the son moved from the apartment, no rent increase was allowed for the substitution. (See RAC reg., §§ 313.01 ["When an original tenant of record vacates the rental unit, the tenant may be replaced without an increase in rent, provided the resulting total number of tenants does not exceed the number of tenants that existed at the inception of the tenancy . . . ."], 313.02 ["Adults and/or children may substitute for each other as replacement tenants. A child may be replaced with an adult tenant or vice versa"].)

But, more importantly, there is no provision in the RAC regulations that requires that a tenant notify a landlord of any increases in tenancy. The provisions only mandate notification by a tenant when there has been a rent increase and the tenant seeks a rent reduction due to the additional tenant having moved out. (RAC reg., § 310.04 ["In order to obtain a rent decrease, written notification from the tenant must be provided to the landlord stating by name, the additional tenant that will be vacating or has vacated the rental unit and the move-out date"].) The RAC regulations express an intent that no notice is required to be given by a tenant when a person or persons move in, and it would be anomalous to carve out an exception to facilitate rent increases when one additional adult begins living at a location in violation of a rental agreement.

Citing LAMC section 159.09.A, subdivision (2)(b), the RAC regulations further provide, "Where there is a written lease agreement limiting occupancy, and an additional tenant moves into the unit, thereby exceeding the occupancy limit, the landlord may not evict *the additional tenant* in the following circumstances: [¶] ● The additional tenant is the first or second dependent child; or [¶] ● The additional tenant is the sole additional adult tenant and the landlord has unreasonably withheld approval of the additional tenant." (RAC reg., § 312.05, italics added.) It follows, conversely, the regulations contemplate an additional tenant *can* be evicted when the additional tenant is the sole additional adult tenant and the landlord has *reasonably* withheld approval of the additional tenant. This is in accord with the construction we adopt of LAMC section 159.09.A, subdivision (2)(b), allowing a landlord to evict a tenant based on violation of occupancy restrictions for having one additional adult tenant if the landlord has reasonably withheld approval of the additional tenant's occupancy.

11

There was no evidence of the reasons for plaintiff's disapproval of the defendant's wife living in the unit, and therefore no triable issue of fact on whether the eviction was authorized by LAMC section 151.09.A, subdivision (2)(b). Summary judgment in defendant's favor was properly granted.[2]

DISPOSITION

The judgment is affirmed. Defendant to recover costs on appeal.

_____

Ricciardulli, J.

We concur:


_____       _____

Kumar, Acting P. J.               Richardson, J.

---

[2]Without further developing the argument and failing to list it under its own heading, plaintiff also maintained on appeal that the court in its summary judgment order did not refer to specific evidence, as required by Code of Civil Procedure section 437c, subdivision (g). We conclude raising an appellate issue in such a manner resulted in it being forfeited. (See Cal. Rules of Court, rule 8.883(a)(1)(A); *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294.) In any event, as we review the order de novo and decide the matter pursuant to Code of Civil Procedure section 437c, subdivision (m)(2), any error by the court in this instance was harmless.

12